**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Manuel Varela DURAN, Defendant-Appellant.**

**No. 26688**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

May 16, 1969.

Rehearing Denied July 9, 1969.

Robert H. Lord, Houston, Tex., for appellant.

Ted Butler, U. S. Atty., Ray Caballero, Asst. U. S. Atty., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

■ Duran appeals from a judgment entered on a jury conviction of five counts of transporting in interstate commerce with unlawful and fraudulent intent certain falsely made and forged securities in violation of 18 U.S.C.A. § 2314. We affirm.[1]

Forty-three Travelers Express Company money orders were stolen from Travelers' authorized agent, the Vegas Drive-In Food Store. Duran was convicted of transporting five of these money orders; serial numbers 50–9688813, 50–9688823, 50–9688824, 50–9688830 and 50–9688835; in interstate commerce with unlawful and fraudulent intent.

At the time they were cashed three of the money orders; 50–9688813, 50–9688830 and 50–9688835; bore the name of Salvador Tibuni as the payee and endorser. The grocery store cashier who cashed 50–9688813 positively identified Duran as the man who presented the money order and endorsed it in the cashier's presence. The two store managers who cashed 50–9688830 and 50–9688835 could not identify Duran and could not remember whether the money orders were endorsed at the time they were cashed or whether they had been previously endorsed. The manager who cashed 50–9688835 did remember that the man who presented it used a selective service card for identification. The F.B.I. tested 50–9688830 for latent fingerprints and discovered two fingerprints which matched those of Duran.

Money order 50–9688823 bore the name of Raymundo Garcia as payee and en-

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

dorser and money order 50–9688824 bore the name of Fredrico Perez as payee and endorser. The cashiers who cashed these money orders positively identified Duran as the man who presented them.

After both sides rested, the Government was allowed to reopen and present additional evidence. The owner of the Vegas Drive-In testified that the money orders were "blank" when they were stolen, that the numbers designating which agent had issued the money orders were fictitious and had been stamped on the faces of the money orders after they had been stolen and that the dates of issuance had been written on the faces of the money orders without authorization after they had been stolen. Salvador Tibuni testified that he had never bought, presented or endorsed the money orders in issue and that he had never authorized anyone to sign his name. He did testify, however, that he had lost his wallet containing a sum of money and various identification papers, including his selective service card. It was stipulated that the five money orders were sent from El Paso, Texas, to a bank in Faribault, Minnesota. The bank subsequently returned the money orders to El Paso.

Duran contends that the District Court committed multiple errors and that its judgment should be reversed. He asserts the following errors: (1) denial of the defendant's motion for a verdict of acquittal; (2) granting of the Government's motion to reopen; (3) comments made by the Court in the presence of the jury on evidence to be presented by the Government; (4) defects in the indictment; (5) variance between the allegations and the proof and (6) prejudicial comments made in final argument by the Government. We will proceed with these assignments of error in the order in which they are presented.

■ Considering the first two points together, Duran contends that it was error to deny his motion for a judgment of acquittal and to grant the Government's motion to reopen and present further evidence. It is within the sound discretion of the trial court to reopen a case and receive additional evidence, Simsirdag v. United States, 5 Cir. 1963, 315 F.2d 230, and this may be done even after the case has been submitted to the jury. Harrison v. United States, 5 Cir. 1968, 387 F.2d 614. The test is whether the other side is given an adequate opportunity to meet the additional evidence offered. Lucas v. United States, 8 Cir. 1965, 343 F.2d 1. Duran was given a full opportunity to cross-examine the additional witnesses. The District Judge even offered to recess the trial until the following day to give Duran an opportunity to call rebuttal witnesses but no continuance was requested, and the Judge's offer of additional time for rebuttal was declined. We find that Duran was not prejudiced by the reopening of the case and that there was no abuse of discretion by the trial judge.

■ After the District Judge had granted the Government's motion to reopen, the following dialogue took place in the presence of the jury:

THE COURT: The proof will be along the lines we just discussed in the chambers?

MR. CABALLERO (GOVERNMENT): Yes, sir.

THE COURT: To supply some deficiencies. All right, who do you intend to call?

Duran urges that these comments were improper but there was no objection made at the trial, and it cannot be raised for the first time before this Court for it surely cannot be considered as plain error. Rule 52, F.R.Crim.P. This rule should be invoked only where exceptional circumstances make it necessary to avoid a clear miscarriage of justice. See Mims v. United States, 5 Cir. 1967, 375 F.2d 135, 147. Furthermore, if any unfavorable inference could have been drawn by the jury from this isolated, rather oblique reference to a deficiency in the Government's case, the District Judge made it crystal clear that Duran's guilt

or innocence was a matter wholly within the jury's province.[2]

■■■ Next Duran argues that since the charge in the indictment reads in the conjunctive, i. e., knowingly transporting "falsely made and forged" securities, the burden was on the Government to prove that the securities were both falsely made and forged. We disagree. Where a crime is denounced disjunctively in the statute but charged conjunctively in the indictment, proof of any one of the several allegations is all that need be proved. Rimerman v. United States, 8 Cir. 1967, 374 F.2d 251, cert. denied 387 U.S. 931, 87 S.Ct. 2053, 18 L.Ed.2d 992; United States v. Conti, 2 Cir. 1966, 361 F.2d 153; Driscoll v. United States, 1 Cir. 1966, 356 F.2d 324; Myrick v. United States, 5 Cir. 1963, 332 F.2d 279; Hirsch v. Immigration and Naturalization Service, 9 Cir. 1962, 308 F.2d 562; Smith v. United States, 5 Cir. 1956, 234 F.2d 385. As long as an indictment follows the language of the statute it is sufficient unless the statute omits an essential element of the offense. Downing v. United States, 5 Cir. 1965, 348 F.2d 594. Duran alternatively contends that the Government failed to prove that the money orders were forged or falsely made because the people who cashed the money orders relied solely on the fact that they were money orders and placed little or no reliance on the genuineness of the signatures. This argument fails as a matter of fact and law. While it is true that the people who cashed the money orders were induced to do so because money orders "were accepted almost as good as cash," it is obvious that they would not have been accepted without a signature affixed that was thought to be genuine at the time Duran presented the order. Furthermore, when cashing three of the money orders Duran used a selective service card or other identification cards which established the "personality and semblance of identity" necessary to render the transaction a forgery even where the impersonation was of a fictitious person. Hubsch v. United States, 5 Cir. 1958, 256 F.2d 820, 824. The Government was not required to prove that all of the money orders were forged; it was sufficient to prove either that they were forged or falsely made.

■■■ Duran next complains that the date on one money order was stated in the indictment to be December 6, 1967, when the date was actually December 16, 1967. He urges that this constitutes a fatal variance between the indictment and the evidence offered. The variance did not affect the substantial rights of Duran and is harmless. The indictment informed him of the charges against him with sufficient specificity to allow him to prepare his defense and to protect him from future prosecution for the same offense. Berger v. United States, 1935, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Heisler v. United States, 9 Cir. 1968, 394 F.2d 692; Cortez v. United States, 5 Cir. 1964, 328 F.2d 51; Rule 52(a), F.R. Crim.P. The money order was readily identifiable by its amount, serial number and the words with which it was stamped. We find no prejudice to Duran.

■■■ In his closing argument the attorney for the Government stated the following:

Safeway and Furr's, although they are large establishments, they are entitled to the same rights, and just because they are large establishments don't mean people can steal from them.

Duran urges that these remarks were highly prejudicial because he was not charged with stealing from the stores where the money orders were cashed. While the Government attorney may have

2. The trial judge charged:
I have tried to keep from you my opinion about the fact matters—the credibility of the witnesses, the weight to be given the evidence and the guilt or innocence of the defendant—but, if you think you have some idea what it might be, you have a perfect right to disregard it. If I were on the jury I would make up my own mind on those matters from the evidence in the case.

used an unfortunate figure of speech, he was saying, in effect, what the evidence proved, i. e., that the stores that paid Duran on the money orders were out of pocket. No objection was made to these remarks and no protective instructions to the jury were requested. Error, if any, could have been removed by timely objection. In our view the remarks did not affect the substantial rights of Duran and did not constitute plain error. Helms v. United States, 5 Cir. 1962, 310 F.2d 236.

Finding no error the judgment of the District Court is

Affirmed.