UNITED STATES of America, Plaintiff-Appellee,

v.

Gail Patricia ANDERSON, Defendant-Appellant.

No. 75–3538
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 23, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Theodore J. Sakowitz, Federal Public Defender, Miami, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., R. J. Poston, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before WISDOM, THORNBERRY and SIMPSON, Circuit Judges.

PER CURIAM:

Gail Patricia Anderson appeals from her conviction on four counts of the transportation in interstate commerce of forged and falsely made securities. After careful consideration of her arguments, we find that affirmance is required.

The evidence in this case showed that Anderson performed services as a prostitute for two men and agreed with them to accept payment in the form of travelers checks made out in their favor. With their authorization, Anderson erased their names from the checks and substituted fictitious ones of her choosing ("Emily Mickey" and "Elain J. Edwards"). Anderson then cashed the checks in two hotel lobbies, countersigning the checks in the appropriate fictitious name. As appellant testified, the purpose of the scheme was to permit the men to report the travelers checks as lost or stolen and thus obtain full reimbursement.

Initially, we reject any contention that the conjunctive form of the indictment required the government to establish that the securities in question were both "forged" and "falsely made." Proof of either was sufficient. *United States v. Duran*, 411 F.2d 278 (5 Cir. 1969). *See also Turner v. United States*, 396 U.S. 398, 421, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); *Fields v. United States*, 408 F.2d 885 (5 Cir. 1969). This done, we must consider appellant's contention that the substitution of a fictitious name and the countersigning of the check using that name do not constitute "forgery" where the name in no way induces the cashing of the check. *See Hubsch v. United States*, 256 F.2d 820 (5 Cir. 1958). The difficulty with this argument is that it fails to recognize salient differences between travelers checks and ordinary bank checks. In *Berry v. United States*, 271 F.2d 775 (5 Cir. 1959), *cert. denied*, 362 U.S. 903, 80 S.Ct. 612, 4 L.Ed.2d 555 (1960), this court stated, in distinguishing *Hubsch*:

> Besides, what is in question here is not an ordinary check but a traveler's check which, though it requires for negotiation the signature of the person to whom it is issued, is, when issued and signed by the payee, complete against, and cannot be countermanded by, the issuer. Such checks are cashed, not upon the credit of the person negotiating them but upon the credit of the issuer and the correspondence of the endorsement of the negotiator with the signature on the face of the instrument. . . . In the case, therefore, of such instruments, the first negotiator, if not the person to whom the check was issued, is necessarily a forger. [citations omitted]

*See also United States v. Bedgood*, 453 F.2d 988 (5 Cir. 1972); *United States v. Law*, 435 F.2d 1264 (5 Cir. 1970); *United States v. Franco*, 413 F.2d 282 (5 Cir. 1969), *cert. denied*, 396 U.S. 836, 90 S.Ct. 95, 24 L.Ed.2d 87 (1969). The fact that

there may not have been reliance on the fictitious name used is not determinative. *United States v. Duran*, 411 F.2d 275, 278 (5 Cir. 1969).

 Appellant also argues that there was insufficient evidence to warrant a conviction in her case because of the authorization of her acts by the two men who were the rightful payees of the travelers checks in question. This authorization, she argues, negated proof of the elements of knowledge of the falsity of the instrument and intent to defraud. But it was clear from the testimony of appellant that she knew the purpose of the scheme: to enable the men to receive reimbursement on a false claim that the checks were lost or stolen.

This fact, and the differences between travelers checks and bank checks, require rejection of this contention. A person may authorize another to cash a bank check in his name; such an act is permissible under the law of agency and affects the interests of no other than the parties to the authorization. *See United States v. Gilbreath*, 452 F.2d 992 (5 Cir. 1971). Authorization of a substitution of a fictitious payee on a travelers check and the cashing of the check under a false name is clearly in another category. As a purported authorization of an illegal act, it is beyond the power of the principal under the law of agency. *See* Restatement 2d of Agency § 19, comment a. Moreover, as appellant knew, the acts she performed were of significance not merely to her and the true payees of the checks, but to the issuer— the object of the fraudulent scheme which she aided. For these reasons, appellant's contention that the absence of proof of her lack of authority left the evidence fatally insufficient is without merit; the illegality of the acts she performed and of the scheme she knowingly furthered supplied ample proof to support her conviction.

Affirmed.