Alexander CRUZ, Appellant,

v.

The STATE of Texas, Appellee.

Fabian VILLARREAL, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 3-87-007-CR, 3-87-008-CR.

Court of Appeals of Texas, Austin.

Jan. 6, 1988.

**546**

Melvin Gray, San Angelo, for appellants.

Ronald Sutton, Dist. Atty., Junction, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

After separate jury trials, Alexander Cruz and Fabian Villarreal were convicted of the offense of indecency with a child. Tex.Pen.Code Ann. § 21.11(a)(1) (Supp. 1988). The respective juries assessed punishment at 20 years confinement and $5000 fine. We review both convictions in this opinion; we affirm both convictions.

■ In their first point of error, Cruz and Villarreal complain the trial court erred in not granting their motions for new trial because there was a variance between the respective jury charges and the indictment against them. We disagree.

The indictment alleged Cruz and Villarreal engaged in sexual contact with the victim by touching her "genitals *and* breasts." (emphasis added). The jury charge in the Cruz trial (No. 3–87–007–CR) allowed the jury to convict if it found Cruz touched the victim's "genitals *or* breasts." (emphasis added). The jury charge in the Villarreal trial (No. 3–87–008–CR) permitted the jury to convict if it found Villarreal only touched the victim's "breasts." Cruz and Villarreal contend they were convicted on less evidence than required by the indictment because the respective jury charges did not require the juries to find

Cruz and Villarreal touched the victim's "genitals *and* breasts."

It is well settled the State may plead its theories of how a crime was committed in the conjunctive and the trial court may charge the jury in the disjunctive. *Anderson v. State*, 717 S.W.2d 622, 631–32 (Tex.Cr.App.1986); *Zanghetti v. State*, 618 S.W.2d 383 (Tex.Cr.App.1981). The first point of error is overruled.

In Cruz' third point of error and Villarreal's second, they complain the trial court erred in not granting their motions for new trial on newly-discovered evidence. We disagree.

A motion for new trial based on newly discovered evidence is addressed to the sound discretion of the trial judge and absent a clear abuse of discretion should not be disturbed on appeal. *Bolden v. State*, 634 S.W.2d 710, 711 (Tex.Cr.App.1982). To show the court abused its discretion, the record must indicate:

> (1) the newly discovered evidence was unknown or unavailable to the movant at the time of his trial; (2) the movant's failure to discover or obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result on another trial.

*Eddlemon v. State*, 591 S.W.2d 847, 849 (Tex.Cr.App.1980). The evidence Cruz and Villarreal claim to be newly discovered is: a pregnancy exam of the victim; the testimony of Teresa Saiz concerning the victim's flight after the incident; a letter written by the victim to her boyfriend; and a physician's testimony about the victim's stomach disorders.

There is a single statement of facts for both motions for new trial based on newly discovered evidence. After careful review of the record, we find the complaints without merit.

The pregnancy exam was apparently offered at the hearing on the motions for new trial to impeach the victim's testimony she was not promiscuous. The exam was never admitted at that hearing because Cruz and Villarreal could not authenticate it. Cruz and Villarreal have failed to meet part three of the *Eddlemon* test. Moreover, the exam was offered *only* for impeachment, a purpose prohibited by the *Eddlemon* test.

Teresa Saiz' testimony was offered to show the victim did not flee to the Saiz home after the incident. Here, again, this testimony is offered only for impeachment. The record furthermore reflects Saiz is the cousin of Alexander Cruz, and we conclude the trial court was within its discretion to disbelieve this as testimony of an interested witness. A review of the *voir dire* examination in the Cruz trial (the first of the two trials) also reveals defense counsel (the same lawyer represented both Cruz and Villarreal at trial) knew Teresa Saiz was a potential witness, but did not call her during the original trials.[1]

The victim's letter to her boyfriend was apparently offered at the hearing on the motions for new trial for the impermissible purpose of impeaching the victim's testimony that she was not promiscuous. Moreover, the pertinent part of the letter merely asks the victim's boyfriend whether he likes sex. We conclude this evidence would probably not bring about a different result at a new trial.

Cruz and Villarreal also intended to introduce evidence of the victim's stomach disorders to show there were other reasons why she appeared upset after the incident, but we find no evidence of these alleged disorders in the statement of facts for the hearing on the motions for new trial.

Finally, nowhere in the record do we find an allegation that the failure of Cruz and Villarreal to discover this "new" evidence was not due to lack of diligence on their

---

1. Cruz and Villarreal allege the State "in all likelihood" had an exculpatory statement from Saiz in its files which should have been given to them under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We find no adequate *Brady* motion in either record, however, and no evidence that such a statement ever existed.

parts. Cruz' third point of error and Villarreal's second are overruled.

■ In Cruz' fourth point of error and Villarreal's third, they complain the evidence was insufficient to show they touched[2] the victim with the intent to arouse and gratify their sexual desires. We disagree.

"The requisite specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, his remarks and all surrounding circumstances." *McKenzie v. State*, 617 S.W. 2d 211, 216 (Tex.Cr.App.1981). When reviewing the sufficiency of the evidence to sustain a criminal conviction, the applicable standard is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McGoldrick v. State*, 682 S.W.2d 573, 577 (Tex.Cr. App.1985).

■ The victim (thirteen and hearing impaired at the time of the incident) testified that Cruz and Villarreal entered her parents' home at 7:30 p.m. on November 23, 1985, without permission and while she was alone; that Cruz approached the victim and touched her on the breasts and between the legs; that immediately after the touching Cruz told the victim "Not to tell anybody," and softly slapped the victim on the face; that Villarreal then took the victim by the hand to her bedroom and touched her breasts; that she resisted by kicking him in the stomach and running to the living room where Cruz grabbed her; that she scratched him and fled to a neighbor's home; that one week later Cruz and Villarreal returned to the victim's home, again without permission and while she was alone, and asked her "Did you tell anybody?"

Viewing the evidence in the light most favorable to the prosecution, we conclude a rational trier of fact could reasonably infer Cruz and Villarreal touched the victim with the intent to arouse their sexual desires. Cruz' fourth and Villarreal's third points of error are overruled.

In the only point of error not common to both Cruz and Villarreal, Cruz' second point, he argues the trial court erred in not granting his motion for new trial because the record on which he appeals is incomplete. We disagree.

During the punishment phase of the Cruz trial, the jury sent a note to the judge asking: "If punishment of 20 years is assessed, how much will actually be served? How will he be able to pay a fine if unable to work? Does he get credit for time served?" The trial court's written response was reviewed by both counsel *without objection*. The written instruction is not in the record and was apparently destroyed or used by the jury as a ballot. Cruz now contends he must have a new trial because Tex.Code Cr.P.Ann. art. 36.27 (1981) mandates that all communications between judge and jury be part of the record.

The instruction was reconstructed by the trial judge, the presiding juror, and another juror at the motion for new trial. As reconstructed, the note reads: "You are not to discuss or consider the possible actions of the Board of Pardons and Paroles or how long this defendant will be required to serve the punishment you assess. You cannot concern yourself with the manner the defendant will be required to pay any fine you may assess." Defense counsel, saying he could not remember the note's contents, did not dispute this reconstruction.

■ Article 36.27 mandates all communications with the jury be read in open court and recorded by the court reporter

---

**2.** Within these points Cruz and Villarreal argue there was no "touching" because there is no evidence of flesh-to-flesh contact. The record is clear they "touched" the victim while she was fully clothed. However, "the essence of the act of touching is to perceive by the sense of feeling. It is a matter of the commonest (sic) knowledge that the interposition of a layer of fabric between a person's hand and an object upon which the hand is placed will not prevent that person from feeling the object thus concealed." *Resnick v. State*, 574 S.W.2d 558, 560 (Tex.Cr.App.1978).

unless expressly waived by the defendant. Although the statute is couched in mandatory terms, in the absence of objection the trial court's actions are presumed consistent with the statute. *Smith v. State,* 513 S.W.2d 823, 829 (Tex.Cr.App.1974). We conclude Cruz' failure to object to the court's procedures at the time waives any complaint he may have about the record in that connection. Moreover, because Cruz had no objection at the time to the substance of the court's additional charge, we fail to see how he could be harmed by the absence of the original note from the record. Cruz' second point of error is overruled.

We affirm the convictions in cause nos. 3–87–007–CR and 3–87–008–CR.