Thomas Lee CAPPS,
Petitioner–Appellant,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.

No. 89–1930
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 4, 1990.

Ken J. McLean, Houston, Tex., for petitioner-appellant.

Victoria Benitez, Austin, Tex., Jim Mattox, Atty. Gen., El Paso, Tex., for respondent-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Thomas Lee Capps appeals the denial of his 28 U.S.C. § 2254 habeas corpus petition, claiming insufficiency of the evidence, denial of his right to confrontation, and ineffective assistance of counsel. Finding no merit to Capps' assignments of error, we affirm.

### Background

Capps was convicted by a Texas state jury of aggravated rape and sentenced to 75 years imprisonment. At trial the complaining witness testified to the following scenario. She had been introduced to Capps six months earlier and had seen him only briefly on that one occasion. Around 9:30 p.m. on August 19, 1983 Capps unexpectedly came to her trailer home and said he had a message from the friends who had introduced them six months before. That was a ruse; Capps did not have a message but wanted her to go have a drink with him. She declined and he left. Shortly thereafter she retired for the night. Around 1:30 a.m. she was awakened by someone banging on the door. She looked outside and saw a shadowy figure in her yard. Frightened, she called the Sheriff's Department and reported an intruder. She was holding for the dispatcher when Capps broke open the locked exterior door and came into her bedroom and demanded that she hang up the telephone. Capps threatened to kill her if she was talking to the police. Capps hit her in the face chipping a tooth and, grabbing her by the hair, half-dragged half-pulled her to her vehicle. He drove to a nearby house where he forced her into the bedroom, made her disrobe and, reaching for what he said was a gun, demanded that she fondle him. He then compelled her to engage in sexual intercourse and in oral sex. During the episode Capps repeatedly threatened her. Afterwards he again threatened her life if she told what he had done and then reached beside the bed and retrieved a pistol which he brandished.

The court of appeal affirmed the conviction, *Capps v. State*, 696 S.W.2d 486 (Tex. App.1985), and the Texas Court of Criminal Appeals refused discretionary review. Capps unsuccessfully sought state collateral relief and then filed the instant federal habeas petition. The district court rejected the petition; Capps timely appealed.

### Analysis

1. *Insufficient evidence.*

Capps maintains that there was insufficient evidence to sustain his conviction for aggravated rape, arguing the applicability of a heavier burden of proof required before the 1981 amendment to the Texas aggravated rape statute. Capps committed the rape on August 20, 1983. On that date Texas' aggravated rape statute provided that simple rape became aggravated rape if the defendant,

> by acts, words, or deeds occurring in the presence of the victim threatens to cause death, serious bodily injury, or kidnapping to be inflicted on anyone....

Texas Penal Code Ann. § 21.03(a)(3) (Ver-

non).[1] The indictment tracked the language of the statute as it read prior to its amendment in 1981, charging that Capps "did compel submission to the rape by threatening the imminent infliction of serious bodily injury and death."[2] In *Rucker v. State*, 599 S.W.2d 581 (Tex.Crim.App. 1979), the Texas Court of Criminal Appeals construed the pre-amendment language to require proof of an express verbal threat, use of a deadly weapon or actual infliction of serious bodily injury prior to the rape. Capps contends that the state was required to make this same proof because the indictment used the language of the prior statute. We are not persuaded.

The 1981 amendment was intended to overturn the *Rucker* court's holding of the conduct required for a conviction of aggravated rape. *Richardson v. State*, 753 S.W.2d 759, 764 (Tex.App.1988) ("With the 1981 amendments ... the legislature dealt a fatal blow to the *Rucker* exegesis of section 21.03."); *Dodson v. State*, 699 S.W.2d 251 (Tex.App.1985). Since the 1981 amendment, proof of an express verbal threat, use of a dangerous weapon, or actual infliction of serious bodily harm no longer is legally essential to a conviction for a violation of then-section 21.03(a)(3), now section 22.021(a)(2)(A)(iii). In lieu thereof the Texas Legislature mandated that threat of serious bodily harm or death could be proven by any act, word, or deed which communicated the threat to the victim. *Richardson*. Albeit careless and inartful, the use of obsolete phraseology to frame the instant indictment does not revive the legislatively rejected interpretation of "threat of serious bodily injury or death" which has been expressly supplanted by statute. Nor does such semantic slippage impose on the state the burden of proving charged facts which are not legally essential to proof of the offense. *United States v. Potts*, 540 F.2d 1278 (5th Cir. 1976); *Wray v. State*, 711 S.W.2d 631 (Tex.Crim.App.1986) (en banc). The state was obliged to prove only those facts charged in the indictment which were essential elements of the offense of aggravated rape as of August 20, 1983.

■ Viewing the evidence in the light most favorable to the prosecution, it is manifest that the jury could have found proven, beyond a reasonable doubt, the essential elements of aggravated rape as that crime was defined on the date of the offense. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The complainant's testimony that Capps broke into her house late at night, struck her in the face chipping a tooth, forcibly abducted her from her home and, just prior to the sexual acts, reached for what he said was a gun are actions which a rational trier of fact could have found posed the threat of death or serious bodily injury. We are persuaded that the evidence was sufficient to support the conviction.

### 2. *Right to confrontation.*

■ Capps challenges the exclusion of testimony concerning the complainant's prior sexual activities, maintaining that his right to confrontation was abridged. Capps proffered testimony that the complainant had engaged in group sex sessions as evidence of her consent to his advances. Capps was not involved in any of those alleged encounters. Evidence of the victim's prior sexual activities with persons other than the defendant is not relevant to the question of her consent to sex with the defendant at the time of the charged rape, where, as here, the alleged prior activities are under circumstances radically different from those of the charged offense. *United States v. Kasto*, 584 F.2d 268 (8th Cir. 1978), *cert. denied*, 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 486 (1979); *Holloway v. State*, 751 S.W.2d 866 (Tex.Crim.App.1988) (en banc). Capps offers no basis for an exception to that rule herein. He has no constitutional right to present irrelevant

---

**1.** Effective September 1, 1983, section 21.03 was replaced by section 22.021.

**2.** The statute was cast in the disjunctive, requiring proof of threats of serious bodily injury or death. Use of the conjunctive rather than the disjunctive in the indictment did not oblige the state to prove both. *See United States v. Anderson*, 527 F.2d 442 (5th Cir.1976); *Seek v. State*, 646 S.W.2d 557 (Tex.App.1982).

evidence. *Delaware v. Van Arsdall,* 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *Evans v. McCotter,* 790 F.2d 1232 (5th Cir.), *cert. denied,* 479 U.S. 922, 107 S.Ct. 327, 93 L.Ed.2d 300 (1986); *accord Kasto.*

### 3. *Ineffective assistance of counsel.*

■ Finally, Capps contends that he received ineffective assistance of counsel because his trial attorney did not introduce reputation or opinion evidence of the complainant's promiscuity, even though the court purportedly would have permitted such. This argument also lacks merit.

To prevail on a claim of ineffective assistance of counsel a defendant must show that (1) counsel made errors so egregious that he was not functioning as the "counsel" guaranteed by the sixth amendment, and (2) the deficient performance so prejudiced the defense that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Wicker v. McCotter,* 783 F.2d 487 (5th Cir.), *cert. denied,* 478 U.S. 1010, 106 S.Ct. 3310, 92 L.Ed.2d 723 (1986). Capps did not establish the first showing; we need not and do not address the second.

As the Texas appellate court noted in affirming Capps' conviction, 696 S.W.2d at 489, Texas Penal Code § 22.065, in effect at the time of Capps' trial, allowed the admission of reputation and opinion evidence of the victim's prior sexual conduct only in very limited instances, none of which apply herein. Defense counsel did not perform deficiently for failing to proffer inadmissible evidence.

The judgment of the district court is AFFIRMED.