52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald T. SWAFFORD, Petitioner--Appellant,
v.
NEW MEXICO DEPARTMENT of CORRECTIONS, Respondent--Appellee.
 No. 94-2070.
 United States Court of Appeals, Tenth Circuit.
 April 19, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON, and HOLLOWAY, Circuit Judges, and ELLISON,[2] District Judge.
 
 
 2
 We have granted the appellant's motion to waive oral argument and submit the case on the briefs. This cause is therefore ordered submitted without oral argument, pursuant to Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9.
 
 
 3
 This is an appeal from an order of the district court dismissing the habeas corpus petition of Ronald T. Swafford pursuant to 28 U.S.C. 2254. Mr. Swafford raises three claims in this appeal. First, he argues that his petition should be granted because his conviction and sentence for both assault with intent to commit a violent felony and third degree criminal sexual penetration violates the Double Jeopardy Clause of the Fifth Amendment. Next, Mr. Swafford argues that his trial and appellate counsel were ineffective in failing to raise this issue at trial or on appeal. Finally, Mr. Swafford argues that the trial court's exclusion of evidence relating to the victim's prior sexual conduct effectively denied him his Sixth Amendment right of confrontation. We find no merit in Mr. Swafford's claims and affirm the district court's dismissal of his petition.
 
 
 4
 During the early morning hours of June 8, 1987, Ron Swafford's half-sister awoke to find Mr. Swafford tying her arm down to her bed.[3] When she inquired as to what he was doing, Mr. Swafford responded violently, striking and choking her as she attempted to repel his attack. After successfully tying her arms and legs down to the bed, Mr. Swafford threatened her, stating that "he would do everything to her that he always wanted to do to a girl that was tied up." Swafford v. State, 810 P.2d 1223, 1226 (N.M.1991). He was charged with having penetrated her, first with a candle and then with his penis. Id.
 
 
 5
 Mr. Swafford was convicted of assault with intent to commit a violent felony, N.M. Stat. Ann. 30-3-3 (Michie 1994),[4] third degree criminal sexual penetration ("CSP"), id. 30-9-11, incest, id. 30-10-3, and false imprisonment, id. 30-4-3. His conviction was affirmed on direct appeal, Swafford v. State, 782 P.2d 385 (N.M. Ct.App.), cert. denied, 781 P.2d 782 (N.M.1989). Mr. Swafford then filed a pro se application for post-conviction relief in the New Mexico state district court. Although the district court summarily dismissed his application, the New Mexico Supreme Court granted certiorari in order to address "important constitutional questions." Swafford v. State, 810 P.2d 1223, 1226 (N.M.1991). As framed by the New Mexico Supreme Court, the "central question" in the case was "under what circumstances a criminal defendant can be charged, tried, and convicted of multiple statutory offenses in a single trial without running afoul of the double jeopardy clause." Id. After an extensive discussion of state and federal law, the court concluded that Mr. Swafford's convictions for both assault with intent to commit a violent felony and criminal sexual penetration did not constitute double jeopardy. Id. at 1236.
 
 DISCUSSION
 
 6
 In reviewing the district court's dismissal of Mr. Swafford's habeas corpus petition, we accept the court's findings of fact unless clearly erroneous and we review the court's conclusions of law de novo. Brewer v. Reynolds, No. 94-5072, 1995 WL 148397, at * 3 (10th Cir. Apr. 5, 1995).
 
 I. Double Jeopardy
 
 7
 Mr. Swafford's first claim is that his conviction and sentence for both assault with intent to commit a violent felony and criminal sexual penetration violate the constitutional proscription against double jeopardy.[5] There are two components to the Double Jeopardy Clause. Miranda v. Cooper, 967 F.2d 392, 403 (10th Cir.), cert. denied, 113 S.Ct. 347 (1992). The first protects against subsequent prosecution for the same offense after either conviction or acquittal; the second protects against multiple punishments for the same offense. Grady v. Corbin, 495 U.S. 508, 516 (1990); North Carolina v. Pearce, 395 U.S. 711, 717 (1969). We are concerned with the second component in this case.
 
 
 8
 Mr. Swafford contends that the criminal acts charged in the assault and the criminal sexual penetration counts are identical; "they were perpetrated at the same time, on the same person. There was only one act, yet Swafford was subjected to multiple punishments." Appellant's Br. at 7. In Blockburger v. United States, 284 U.S. 299 (1932), the Supreme Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Id. at 304 (emphasis added); see Garrett v. United States, 471 U.S. 773, 779-86 (1985); United States v. Edgmon, 952 F.2d 1206, 1212 (10th Cir.1991), cert. denied, 112 S.Ct. 3037 (1992).
 
 
 9
 Mr. Swafford maintains that, although he committed only one act, he has been convicted of two crimes; the "greater" offense of criminal sexual penetration, and the lesser-included offense of assault with intent to commit a violent felony. It is well established that where a lesser included offense requires no proof beyond that necessary to establish the greater offense, then the greater offense is by definition "the same' for purposes of double jeopardy as any lesser offense included in it." Brown v. Ohio, 432 U.S. 161, 168 (1977). The Fifth Amendment would, in such a case, forbid prosecution and cumulative punishment for both the greater and lesser included offense. Illinois v. Vitale, 447 U.S. 410, 419-20 (1980); Brown, 432 U.S. at 169.
 
 
 10
 In defining what constitutes a lesser included offense, we turn to state law. "A federal court in a habeas corpus proceeding should defer to a state court's interpretation of a state statute as to whether a number of acts constitute only one criminal offense or separate offenses for double jeopardy purposes." Brecheisen v. Mondragon, 833 F.2d 238, 240 (10th Cir.1987), cert. denied, 485 U.S. 1011 (1988); see Mansfield v. Champion, 992 F.2d 1098, 1100 (10th Cir.1993). Under New Mexico law, "if the defendant commits two discrete acts violative of the same statutory offense, but separated by sufficient indicia of distinctness, then a court may impose separate, consecutive punishments for each offense." Swafford, 810 P.2d at 1233; see Herron v. State, 805 P.2d 624, 628-30 (N.M.1991) (defendant convicted on five separate counts of criminal sexual penetration arising out of the same criminal episode). Thus, a person may be prosecuted for both assault with intent to commit a violent felony and criminal sexual penetration so long as the acts giving rise to each conviction were discrete and separated by sufficient indicia of distinctness. In such a case, the crime of assault with intent to commit a violent felony would not be considered a lesser included offense to criminal sexual penetration. Swafford, 810 P.2d at 1233; Herron, 805 P.2d at 628-30; see Brown, 432 U.S. at 168; see also Brecheisen, 833 F.2d at 240 (noting that under New Mexico law battery occurring separately from criminal sexual penetration not a lesser included offense).
 
 The New Mexico Supreme Court found
 
 11
 no double jeopardy bar to punishment for both offenses. The victim testified at trial that Swafford bound her to the bed, struck her several times, and threatened her verbally for a period of time before commencing the sexual assault.... We think the assaultive episode was sufficiently distinct from the sexual assault to support separate convictions and punishments both for assault with intent to commit a felony and for criminal sexual penetration.
 
 
 12
 Swafford, 810 P.2d at 1235-36. The court acknowledged that the case "would present a closer question had it not been for the fact of bondage. Absent that fact, we would be more inclined to find the conduct was unitary...." Id. at 1236 n. 9.
 
 
 13
 "Explicit and implicit findings by state trial and appellate courts shall be presumed to be correct,' 28 U.S.C. 2254(d), unless one of seven factors listed in section 2254(d) are present, or the federal court concludes that the state court findings are not fairly supported by the record." Case v. Mondragon, 887 F.2d 1388, 1392 (10th Cir.1989), cert. denied, 494 U.S. 1035 (1990); see Moran v. Burbine, 475 U.S. 412, 416 (1986). The presumption of correctness applies even where, as here, "those findings might resolve or dispose of the ultimate' ... question." Case, 887 F.2d at 1393.
 
 
 14
 The record supports the state court's findings and none of the section 2254(d) factors militate against a presumption of correctness in this case. We hold, therefore, that Mr. Swafford's conviction for both assault with intent to commit a violent felony and criminal sexual penetration does not constitute double jeopardy. See Miranda v. Cooper, 967 F.2d 392, 403-04 (10th Cir.), cert. denied, 113 S.Ct. 347 (1992).
 
 II. Ineffective Assistance of Counsel
 
 15
 Mr. Swafford next asserts that his trial and appellate counsel were ineffective for failing to raise the double jeopardy issue at sentencing or on appeal.
 
 
 16
 In order to prevail on a Sixth Amendment claim of ineffective assistance of counsel, a habeas petitioner bears the burden of proving that counsel's "representation fell below an objective standard of reasonableness," Brecheen v. Reynolds, 41 F.3d 1343, 1365 (10th Cir.1994), and that "there is a reasonable probability' that the outcome would have been different had those errors not occurred." United States v. Haddock, 12 F.3d 950, 955 (10th Cir.1993) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)). A reviewing court need not address the "performance" component of the Strickland analysis if the petitioner has failed to demonstrate prejudice. Strickland, 466 U.S. at 697; Haddock, 12 F.3d at 955.
 
 
 17
 In this case, Mr. Swafford's double jeopardy claim was heard and ruled upon by the New Mexico Supreme Court. Therefore, there is no prejudice. While Mr. Swafford may be displeased with the court's disposition of his case, the fact remains that he has not been deprived of "any substantive or procedural right to which the law entitles him." Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993). The Sixth Amendment right to counsel ensures fairness; Strickland, 466 U.S. at 684, it does not guarantee a favorable outcome. We hold that the district court properly denied habeas relief on this ground.
 
 III. Sixth Amendment Right of Confrontation
 
 18
 Mr. Swafford's final claim is that he was denied his Sixth Amendment right of confrontation.[6] He argues that the trial court erred in denying his motion to introduce evidence that the victim, rather than Mr. Swafford, had placed the ropes on the bed during a prior sexual encounter with a third party. He claims that "[b]y restricting Swafford's opportunity to expose [the victim's] predisposition to this kind of activity, the jury never had a tangible reason to doubt [the victim] or to afford Swafford's story more credibility." Appellant's Br. at 23.
 
 
 19
 Questions concerning the admissibility of evidence in a state criminal proceeding are beyond our review, these are a matter of state law and federal habeas actions do not lie for mere errors of state law. Estelle v. McGuire, 502 U.S. 62, 67 (1991); Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir.1994). Our sole focus is whether New Mexico denied Mr. Swafford his rights under the "Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); see Herrera v. Collins, 113 S.Ct. 853, 859 (1993). We review Mr. Swafford's Sixth Amendment claim de novo. Miranda, 967 F.2d at 401.
 
 
 20
 Mr. Swafford's claim that he was denied his Sixth Amendment right of confrontation fails for three reasons. First, the evidence he sought to introduce was wholly irrelevant. Mr. Swafford maintains that evidence that his half-sister had placed the ropes on the bed was critical to attacking her credibility and showing that she "put them there for her own use because she, too, enjoyed bondage sex." Appellant's Reply Br. at 9. The sexual proclivities of the victim in this case, however, are wholly irrelevant to the question of whether Mr. Swafford committed the crimes for which he was convicted. See Wood v. Alaska, 957 F.2d 1544, 1550 (9th Cir.1992) (holding the fact that victim previously had posed nude and acted in pornographic films irrelevant in rape case); Jeffries v. Nix, 912 F.2d 982, 987 (8th Cir.1990), cert. denied, 499 U.S. 927 (1991). Thus, Mr. Swafford had no constitutional right to present the evidence. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); Jones v. Goodwin, 982 F.2d 464, 469 (11th Cir.1993); Capps v. Collins, 900 F.2d 58, 60-61 (5th Cir.), cert. denied, 498 U.S. 1049 (1990); Clark v. Dugger, 834 F.2d 1561, 1565 n. 8 (11th Cir.1987), cert. denied, 485 U.S. 982 (1988). Furthermore, to the extent that such evidence could have been marginally relevant, the prejudicial impact would have far outweighed any probative value it may have had. See Wood, 957 F.2d at 1551.
 
 
 21
 Moreover, the State of New Mexico has expressed a strong interest in minimizing the "intrusive inquiry into a rape complainant's private life." State v. Ramos, 858 P.2d 94, 100 N.M. Ct.App.), cert. denied, 856 P.2d 250 (N.M.1993). The right to present relevant evidence is not without limitation. "The right may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.' " Michigan v. Lucas, 500 U.S. 145, 149 (1991) (quoting Rock v. Arkansas, 483 U.S. 44, 55 (1987)); Chambers v. Mississippi, 410 U.S. 284, 295 (1973). The trial court properly concluded that Mr. Swafford's interest in presenting evidence, even if marginally relevant, was outweighed by the State's interest in protecting the victims of sexual assault from the kind of "intrusive inquiry" he sought. Lucas, 500 U.S. at 149; Van Arsdall, 475 U.S. at 679.
 
 
 22
 Finally, Mr. Swafford's claim fails for the simple reason that he was not precluded from exploring "an entire relevant area of cross-examination." United States v. Lonedog, 929 F.2d 568, 570 (10th Cir.), cert. denied, 502 U.S. 854 (1991); see United States v. Begay, 937 F.2d 515, 520 (10th Cir.1991). He testified at trial and he certainly was free to introduce evidence as to how the ropes got on the bed and how long they had been there. The court's ruling, excluding testimony about the victim's prior sexual encounters, did not preclude Mr. Swafford from introducing such evidence, it merely prevented him from utilizing an obviously inflammatory mechanism for doing so.
 
 
 23
 Mr. Swafford has not stated a violation of his Sixth Amendment right to present relevant evidence or to confront the witnesses against him, and his petition for a writ of habeas corpus was appropriately dismissed as to this point.
 
 
 24
 For the foregoing reasons, the judgment of the district court dismissing Mr. Swafford's petition for a writ of habeas corpus is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable James O. Ellison, Senior Judge for the United States District Court for the Northern District of Oklahoma, sitting by designation
 
 
 [3]
 Mr. Swafford's half-sister testified that she was visiting from El Paso, Texas. She occupied one of the bedrooms upstairs in Swafford's home
 
 
 [4]
 Under New Mexico law, a person commits assault with intent to commit a violent felony if that person assaults another "with intent to kill or commit any murder, mayhem, criminal sexual penetration in the first, second or third degree, robbery or burglary." N.M. Stat. Ann. 30-3-3 (Michie 1994)
 
 
 [5]
 "[T]he double jeopardy prohibition of the Fifth Amendment represents a fundamental ideal in our constitutional heritage, and ... should apply to the States through the Fourteenth Amendment." Benton v. Maryland, 395 U.S. 784, 794 (1969)
 
 
 [6]
 The Confrontation Clause of the Sixth Amendment provides two types of protection for the criminal defendant: the right to confront those who testify against him and the right of cross-examination. Kentucky v. Stincer, 482 U.S. 730, 736 (1987); United States v. Begay, 937 F.2d 515, 520 (10th Cir.1991). The Sixth Amendment right of confrontation is made applicable to the states through the Fourteenth Amendment. Pointer v. Texas, 380 U.S. 400, 403 (1965)