**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 9, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-50031
Summary Calendar
_____

ENRIQUE ESTRADA, JR.,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-1072-EP
---------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Enrique Estrada, Jr., a Texas prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, in which he challenged his 1997 jury-trial conviction of two counts of indecency with a child, his daughter. The jury assessed sentences of 10 years in prison. The district court granted Estrada a certificate of appealability on his federal habeas claims that: (1) his jury instructions were

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional in that they permitted the jury to convict him upon less-than-unanimous agreement as to which conduct constituted the offense; (2) appellate counsel performed ineffectively by failing to raise the jury-instructions on direct appeal; and (3) the trial court improperly admitted into evidence an inculpatory statement taken from Estrada, allegedly in violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and Edwards v. Arizona, 451 U.S. 477 (1981).

Federal habeas relief may not be granted upon any claim that was "adjudicated on the merits in State court" unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); see Williams v. Taylor, 529 U.S. 362, 409 (2000).

Estrada, who was a U.S. Army sergeant at the time of the offense, argues that his jury charge violated state and military law as well as the Constitution, because the indictment counts charged in the conjunctive that he performed three distinct acts against his daughter that constituted the indecency offense, whereas the jury was instructed in the disjunctive that it could find him guilty if he committed any one of the three charged acts.  Habeas relief under 28 U.S.C. § 2254 is reserved for vindication of federal constitutional rights.  See Martinez v. Johnson, 255 F.3d 229, 246 (5th Cir. 2001).  The Supreme Court has not held that the Constitution imposes a jury unanimity requirement.  See Hoover v. Johnson, 193 F.3d 366, 368 & n.2 (5th

Cir. 1999) (citing Richardson v. United States, 526 U.S. 813, 821 (1999)). A trial court is authorized to instruct a jury that it may find that the defendant committed an offense by one or more specified means, even if the offense is charged in the conjunctive. See Schad v. Arizona, 501 U.S. 624, 631 (1991); Capps v. Collins, 900 F.2d 58, 59 n.2 (5th Cir. 1990) ("Use of the conjunctive rather than the disjunctive in the indictment did not oblige the state to prove both."). The same is true under Texas state law. See, e.g., Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); Cruz v. State, 742 S.W.2d 545, 546 (Tex. App. 1988).

Because the jury-instruction claim would have been meritless even under state law, Estrada has not demonstrated either that appellate counsel performed deficiently by failing to raise the claim on direct appeal or that he, Estrada, was prejudiced by such failure. See Strickland v. Washington, 466 U.S. 668, 689-94 (1984); Williams v. Collins, 16 F.3d 626, 635 (5th Cir. 1994). Estrada has not established that the state courts unreasonably applied federal constitutional law in rejecting either of his claims involving the jury instructions.

Estrada argues that his confession was unconstitutionally admitted because he was not timely read his rights under Miranda and because military officials violated his rights under Edwards by failing to heed his request that his retained attorney be present during the interrogation. Estrada's Miranda claim is meritless. Even if it is assumed arguendo that Miranda warnings should have been given to him by his commanding officer when the

commanding officer told him to meet with U.S. Criminal Investigations Command ("CID") Special Agent Mathius Kraus, any technical violation of Miranda by the officer was harmless because Estrada subsequently was properly informed of his rights under Miranda and waived those rights *prior* to confessing. See Oregon v. Elstad, 470 U.S. 298, 318 (1985) (suspect who made inculpatory but voluntary statement that was "technically in violation" of Miranda was "not thereby disabled from [subsequently] waiving his rights and confessing after he ha[d] been given the requisite Miranda warnings").

The state courts and the federal courts failed to address specifically Estrada's claim that his rights under Edwards were violated when the CID agent failed to ensure the presence of his counsel, after Estrada had made a request for counsel to the sergeant who escorted him to the CID meeting. Such a request would have been imputable to the CID Agent, Kraus, see Arizona v. Roberson, 486 U.S. 675, 687-88 (1988); Michigan v. Jackson, 475 U.S. 625, 634 (1986), and would appear to form the basis of a cognizable Edwards claim given that such request for counsel was not heeded. See Edwards, 451 U.S. at 484 ("an accused . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police"). Such a claim, however, is subject to harmless-error review. See Arizona v. Fulminante, 499 U.S. 279, 310 (1991). In order to grant federal habeas relief

under such a review, the trial error must have a "'substantial and injurious effect or influence in determining the jury's verdict.'" Brecht v. Abrhamson, 507 U.S. 619, 637 (1993) (citation omitted). Although "'a confession is like no other evidence'" and "'is probably the most probative and damaging evidence that can be admitted against a criminal defendant,'" Goodwin v. Johnson, 132 F.3d 162, 182 (5th Cir. 1997) (citations omitted), the admission of Estrada's statement did not have a "substantial and injurious effect or influence" because a wealth of other evidence regarding the charged conduct supported the jury's verdict. Accordingly, Estrada cannot show that any constitutional error with respect to the admission of the statement was anything other than harmless.

The judgment of the district court is AFFIRMED.