United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-50475
Summary Calendar
_____

LARRY EDDLIN KEELE,

                         Petitioner-

            Appellant,

         versus

NATANIEL QUARTERMAN, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

                      Respondent-

          Appellee.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-1122
-------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

 Larry Keele, Texas prisoner # 1077576, appeals from the district court's denial of his 28

U.S.C. § 2254 habeas corpus petition, in which he challenged his jury-trial conviction on three counts

of indecency with a child. The district court granted Keele a certificate of appealability (COA) on

---

 [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his federal habeas claim that his jury charge was unconstitutional in that it permitted the jury to convict him upon less-than-unanimous agreement as to which conduct constituted the offense. Keele has not made such an express request to expand his COA to include the additional issues of ineffective assistance of trial and appellate counsels and arrest without probable cause which he raises in his brief. Because this court's review is limited to the issue specified in the grant of COA, these issues will not be considered. *See Lackey v. Johnson*, 116 F.3d 149, 151-52 (5th Cir. 1997).

Where, as here, there has been no clear adjudication on the merits of an issue raised in state court, federal habeas review is conducted de novo. *See Miller v. Johnson*, 200 F.3d 274, 281 n.4 (5th Cir. 2000)(citation omitted). Habeas relief under 28 U.S.C. § 2254 is reserved for vindication of federal constitutional rights. *See Martinez v. Johnson*, 255 F.3d 229, 246 (5th Cir. 2001).

The Supreme Court has not held that the Constitution imposes a jury unanimity requirement. *See Hoover v. Johnson*, 193 F.3d 366, 369 & n.2 (5th Cir. 1999) (citing *Richardson v. United States*, 526 U.S. 813, 821 (1999)). A trial court is authorized to instruct a jury that it may find that the defendant committed an offense by one or more specified means, even if the offense is charged in the conjunctive. *See Schad v. Arizona*, 501 U.S. 624, 631 (1991); *Capps v. Collins*, 900 F.2d 58, 60 n.2 (5th Cir. 1990) ("Use of the conjunctive rather than the disjunctive in the indictment did not oblige the state to prove both."). The same is true under Texas state law. *See, e.g., Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); *Cruz v. State*, 742 S.W.2d 545, 546 (Tex. App. 1988).

Based upon the foregoing authority, Keele cannot demonstrate constitutional error with respect to his challenge to the disjunctive jury charge. *See Martinez*, 255 F.3d at 246. The judgment of the district court is AFFIRMED.