Raymond Buenrostro **CORTEZ,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 20129.

United States Court of Appeals
Fifth Circuit.

Jan. 31, 1964.

Rehearing Denied March 10, 1964.

**52**

Donald Carroll, Tyler, Tex., Ramey, Brelsford, Hull & Flock, Tyler, Tex., of counsel, for appellant.

Robert B. Ward, Asst. U. S. Atty., Dallas, Tex., Barefoot Sanders, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., for appellee.

Before HUTCHESON, BREITEN-STEIN,* and BELL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Cortez was indicted for falsely assuming to be a consular official of the Republic of Guatemala in violation of 18 U.S.C. § 915.[1] A jury found him guilty and the court sentenced him to two years imprisonment.

In 1955, appellant was appointed Honorary Consul of the Republic of Guatemala, at Dallas, and accredited as such to the United States. In November, 1957, after a change in the Guatemalan government, the appointment was terminated and the accreditation withdrawn. In February, 1958, the Guatemalan Consul General of New Orleans went to Dallas, took possession of various consulate papers and properties from appel-

lant, and returned them to New Orleans. Appellant's own evidence shows that thereafter he continued to hold himself out and act as consul.

In January, 1958, a representative of Moore Service, Inc., went to the "Guatemalan Consulate" in Dallas, which he had located by a telephone directory listing, and was introduced to appellant as the consul. Moore Service, Inc., was interested in going into business in Guatemala. In the correspondence which ensued during 1958, the appellant signed his letters as "Raymon B. Cortez, Consul, Republica de Guatemala." Moore Service organized a corporation, Moore-Cutler Transportation, Inc., to engage in the trucking business in Guatemala.

About December 1, 1958, Moore-Cutler sent to appellant its check in the amount of $2,500, payable to the Consulate of Guatemala, and marked for payment of "Franchise Tax." The check was deposited in a Dallas bank to the account of "Consulado De Guatemala," withdrawals from which were authorized on the signature of appellant or his wife. Thereafter, and until the account was closed, no withdrawal was made in the sum of $2,500 and no withdrawal was made on any check payable either to the government of Guatemala or any agency of that government.

Appellant makes a shotgun attack upon the sufficiency of the evidence to sustain the conviction. An analysis of the elements of the crime is necessary. Considering these out of the order of statement in the statute and indictment, they are: (1) false assumption or pretension to be a consular official duly accredited as such to the United States; (2) in such pretended character the obtaining of a thing of value; and (3) an intent to defraud.

---

\* Of the Tenth Circuit, sitting by designation.

1. This statute provides that: "Whoever, with intent to defraud within the United States, falsely assumes or pretends to be a diplomatic, consular or other official of a foreign government duly accredited

as such to the United States and acts as such, or in such pretended character, demands or obtains or attempts to obtain any money, paper, document, or other thing of value, shall be fined not more than $5,000 or imprisoned not more than ten years, or both."

■ The false pretension is established beyond cavil. Properly authenticated documents of both Guatemala and the United States certify that appellant's appointment as consul was terminated November 26, 1957.[2] Admittedly, appellant pretended to act as Guatemalan consul after that date. He maintained the same office with indicia of consular status, issued tourist cards and visas, as Guatemalan consul transacted business with officers and agents of the United States Immigration and Naturalization Service, and in the same capacity dealt with representatives of Moore Service, Inc. Neither these acts on his part nor their recognition by subordinate officials of the governments of the United States and Guatemala give him the status which he lost by the termination of his appointment. The recognition of a foreign government and the accreditation of its diplomatic representatives are determined by the political department of the government and its action in such regard is conclusive on the courts.[3] Here, Guatemala had ended the appointment and the United States recognized its action.

■ No controversy exists over the fact that appellant obtained a thing of value, i. e., the $2,500 check which he received and deposited in a bank account from which he and his wife made withdrawals. The contention is that he did not obtain the check in a pretended character as consul but rather in a legitimate business transaction. Appellant asserts that the check was to pay the expense of registering Moore-Cutler Transportation, Inc., to do business in Guatemala; that he and a partner in the law business in Guatemala were to do the work; that for the purposes of such registration he was given a power of attorney and acted thereunder; and that the registration was accomplished. Proof of the government established that Moore Service sought out the Guatemalan consul and dealt with him in that capacity, and that Moore-Cutler made the check payable to Consulate of Guatemala and marked the check for "Franchise Tax." In our opinion the evidence is sufficient to justify the jury in finding that appellant obtained the check in his pretended character of Guatemalan consul.

■■ Appellant argues that the record shows no intent to defraud and points out that no evidence shows that either Moore Service or Moore-Cutler was dissatisfied or did not obtain that which they sought through him. The government urges that the mischief which the statute seeks to cure is the false pretense of official authority. We are helped by no decisions construing § 915. The comparable statute relating to false impersonation of an officer or employee of the United States, 18 U.S.C. § 912, was before the Supreme Court in United States v. Barnow, 239 U.S. 74, 78, 36 S. Ct. 19, 21, 60 L.Ed. 155, and the Court said that "the false pretense of Federal authority * * * is the mischief to be cured" when accompanied with fraudulent intent. In another case concerned with the same statute, United States v. Lepowitch, 318 U.S. 702, 704, 63 S.Ct. 914, 916, 87 L.Ed. 1091 the Court said that the words "intent to defraud" as used in the statute "do not require more than that the defendants have, by artifice and deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct." Section 912 as it now appears omits the words "with the intent to defraud the United States or any person." The revisor has stated that the

2. The certificate of the Secretary of State of the United States reads: "I Certify That Raymond B. Cortez was recognized by the Government of the United States of America as Honorary Consul of Guatemala at Dallas, Texas, by exequatur dated September 14, 1955, and that this recognition continued in full force and effect until November 26, 1957, the date on which his appointment was terminated by the Government of Guatemala."

3. Guaranty Trust Co. v. United States, 304 U.S. 126, 137–138, 58 S.Ct. 785, 82 L.Ed. 1224.

**54**

words were omitted as meaningless in view of the Lepowitch decision.[4] Strangely, in the same revision the comparable language was retained in § 915. If by such retention, Congress meant that in a § 915 prosecution fraudulent intent must be present in addition to false assumption of office, the conclusion does not help the appellant. At this stage we must view the evidence and the reasonable inferences therefrom in the light most favorable to the prosecution.[5] The fact that the Moore companies never demanded repayment is not controlling. A defrauded person may, for a variety of reasons, see fit not to complain. The evidence of the government relating to the receipt and use of the check supports a reasonable inference that the intent of the appellant was to defraud.

■ In essence the evidentiary facts upon which appellant relies all go to the question of intent. The record establishes that the court received for consideration by the jury all offered evidence bearing on intent. Objection is made that the jury was not properly instructed. Particular reliance is had on the rejection by the court of a requested instruction which in substance said that the appellant should be acquitted if the jury found that he "in good faith believed himself to be a Consular official." The court fully and adequately instructed the jury on intent, and was not required to isolate and emphasize the element of personal, good-faith belief. Subjective expressions of intent must be weighed against the facts which support contrary inferences.[6]

■ Further attacks on the instructions merit little consideration. The instructions, taken as a whole, fairly set forth the elements of the offense and the appellant's theory of the case. We find that the objections made at the trial to the charge are without merit and that the objections now made but not presented to the trial court do not affect substantial rights and thereby require our notice under Rule 52(b), F.R.Crim.P. The instructions presented the case to the jury in an understandable way and contain no prejudicial error.

■ Appellant asserts that the proof varies from the charge in that the indictment refers to a check drawn by Moore Service, Inc., whereas the proof shows a check drawn by Moore-Cutler Transportation, Inc. Rule 52(a), F.R.Crim.P., provides that a variance which does not affect substantial rights shall be disregarded. This conforms with the principle stated in Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314. Here the appellant was not mislead. His own testimony shows full familiarity with the check. He was sufficiently informed of the charges to enable him to present his defense; he was not taken by surprise; and he is protected against another prosecution for the same offense.[7] Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252, is not in point because there an essential element of the offense was omitted from the indictment.

■ Finally, appellant says that government's Exhibit 15 was improperly received in evidence. This was a letter from the Director General of Consular Affairs for the Republic of Guatemala to the Dean of the Dallas Consular Corps dated March 3, 1959, and referring to the termination of the appellant's appointment as consul. The document was not admissible as a business record within the provisions of 28 U.S.C. § 1732. The error was inconsequential and harmless. All the exhibit went to show was the termination of the appointment; and this had been conclusively established by

---

4. See 18 U.S.C. § 912—Historical and Revision Notes.

5. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; Ingram v. United States, 5 Cir., 241 F.2d 708, 709, certiorari denied 353 U.S. 984, 77 S.Ct. 1285, 1 L.Ed.2d 1143.

6. McSorley's, Inc. v. United States, 10 Cir., 323 F.2d 900, 902.

7. See Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314; Grissette v. United States, 5 Cir., 313 F.2d 187, 188.

official and properly authenticated documents of the Guatemalan and United States governments. We have heretofore pointed out that the recognition of governments and the accreditation of officials is a political function not subject to judicial review. The prosecution should not have offered the exhibit but no harm came therefrom.

Affirmed.