47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul CHARCZENKO, Defendant-Appellant.
 No. 94-5300.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1995.
 
 Before: LIVELY, JONES, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Paul Charczenko appeals his conviction for pretending to be a diplomat with intent to defraud, in violation of 18 U.S.C. Sec. 915, and for use of a false, forged, or counterfeited instrument which purported to be a passport, in violation of 18 U.S.C. Sec. 1543. For the reasons discussed herein, we affirm the defendant's conviction.
 
 I.
 
 2
 On September 4, 1993, the defendant was stopped by police at a roadblock. When asked for identification, the defendant presented the officer with a document resembling a foreign passport and labeled as a diplomatic passport from the "Nation of Israel." The "passport" identified the defendant as Jon Tims, not defendant's legal name, but a name claimed by defendant to have been adopted for religious reasons.
 
 
 3
 Defendant claimed, at trial and on appeal, that this document was not intended to refer to the modern nation of Israel, but rather to the Biblical "National of Israel" as "comprised of twelve tribes from Jacob," and that he carried the document to identify himself as an "ambassador of the Lord." Defendant admitted, however, that the document was styled as "Passport, National of Israel, Diplomatic," identifying the defendant as an ambassador and "practitioner of the Law of this Kingdom [of Israel]."
 
 
 4
 The Tennessee state police allowed defendant to pass through the roadblock. The next day, they discovered that the document was not a valid diplomatic passport. After being charged and tried, the defendant was convicted on two counts: (1) pretending to be a diplomat; and (2) use of a false, forged, or counterfeit document purported to be a passport. Defendant had moved for dismissal of the indictment and, post-trial, moved for judgment of acquittal on both counts, alleging that the statutes were unconstitutionally overbroad and vague. Both motions were denied.
 
 II.
 
 5
 Defendant asserts that the two statutes underlying his conviction are both overbroad and vague in violation of the Constitution. As a general rule, these statutes should be presumed constitutional, and should be interpreted in such a way as to avoid an unconstitutional construction within the limits of the language of the statute. See Chapman v. United States, 111 S.Ct. 1919, 1927 (1991), citing Edward J. DeBartolo Corp. v. Florida Gulf Coast Bldg. and Constr. Trades Council, 485 U.S. 568, 575 (1988).
 
 
 6
 Defendant argues that Secs. 915 and 1543 are overbroad as applied to his conduct.[1] He bases his entire overbreadth argument on two factual assertions: (1) that he only claimed to be an ambassador for Christ, not a consular official to the United States; and (2) the document at issue did not purport to be a passport, but merely "reflected his religious understanding that he was an ambassador for the Kingdom of God."
 
 
 7
 Defendant was not convicted merely because he claimed to be an ambassador for Christ. Rather, the district court charged the jury that conviction under Sec. 915 required that the defendant did, with intent to defraud, pretend to be a "diplomatic, consular or other official of a foreign government duly accredited as such to the United States." Similarly, the jury was instructed that a violation of Sec. 1543 required that the document purported to be a passport. Defendant does not assert that these required elements would prohibit protected expression; he simply denies that he did such things. The jury, however, found otherwise.
 
 
 8
 Defendant's claim that the statutes at issue are unconstitutionally vague is based on his allegation that the statutes failed to provide adequate notice that his conduct here was proscribed. See Colautti v. Franklin, 439 U.S. 379,390 (1979)(standard is whether the statute gives a person of ordinary intelligence fair notice that his/her contemplated conduct is forbidden). This claim, however, is without merit. The Supreme Court has "long recognized that the constitutionality of a vague statutory standard is closely related to whether that standard incorporates a requirement of mens rea." Id. at 395. This scienter requirement contained in the statutes at issue mitigates the statutes' alleged vagueness, particularly with respect to adequacy of notice to the defendant that his conduct was proscribed. Because the statutes at issue require specific intent to defraud (Sec. 915) or knowing and willful use (Sec. 1543), both statutes give a person of ordinary intelligence fair notice that his conduct is prohibited. There was ample evidence of Defendant Charczenko's intent.
 
 
 9
 Defendant's second basis for appeal is that the evidence was insufficient to support his conviction for violation of 18 U.S.C. Secs. 915[2] and 1543, and that the district court, therefore, erred in denying defendant's motions for dismissal and judgment of acquittal. In reviewing a district court's denial of a motion for judgment of acquittal, this court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 10
 In establishing the required elements of a statutory violation, the plain language of the statute should be viewed as conclusive. Bradley v. Austin, 841 F.2d 1288, 1293 (6th Cir. 1988). Section 915 clearly sets forth the elements of the offense: (1) that, "with intent to defraud,...[one] falsely assumes or pretends to be a diplomatic, consular or other official of a foreign government duly accredited as such to the United States and acts as such" or (2) "in such pretended character, demands or attempts to obtain any money, paper, document, or other thing of value ...." (emphasis added).
 
 
 11
 Defendant argues that the first element was not met because, although he held himself out to be a diplomat, the fictitious "Nation of Israel" is not an authentic nation duly accredited to the United States. The language of the statute, however, does not require that the foreign government actually exist or be objectively credible, and we are not willing to rewrite the statute. Moreover, the evidence was sufficient to allow a rational trier of fact to conclude that the "National of Israel" was objectively credible as a duly accredited foreign government.
 
 
 12
 Defendant's argument that he was entitled to judgment of acquittal because there was no evidence showing that he received a thing of value also is without merit. The requirement that one receive a thing of value is merely an alternative basis for finding a violation of the statute--that the evidence showed an "intent to defraud" is sufficient to support a conviction.
 
 
 13
 Defendant's challenge to the sufficiency of the evidence supporting conviction under 18 U.S.C. Sec. 1543 is the same as his challenge to his conviction under Sec. 915--that the evidence failed to show that the document purported to be a passport "from a real, presently existing nation." Section 1543 prohibits the use of "a passport or instrument purporting to be a passport." Defendant asks this court to construe "purporting to be a passport" as the equivalent of ?7Fpurporting to be a passport of a real, presently existing nation." Such a reading does not comport with the language of the statute. Even if we were inclined to adopt the defendant's construction, there was ample evidence that the document used by the defendant purported to be a passport of a real country. The defendant admitted that he intended for others to believe that it was a legitimate passport. Under either reading of Sec. 1543, the conduct of the defendant fell within the explicit language of the statutory prohibition.
 
 
 14
 Finally, the defendant contends that the district court failed to fully instruct the jury as to the elements of the offenses charged. A comparison of the language of the statutes to the jury instructions given, however, reveals that the court fairly and adequately instructed the jury as to the actual elements of the offense. See United States v. Buckley, 934 F.2d 84,87 (6th Cir. 1991).
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The law cited by the defendant in his brief implies a facial overbreadth argument. We reject this argument. Because the statutes at issue regulate conduct as opposed to pure expression, their "overbreadth... must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." Broadrick v. Oklahoma, 413 U.S. 601, 615 (1973). The potential application of Secs. 915 and 1543 to First Amendment protected activity is insubstantial compared with the statutes' legitimate applications. Moreover, this argument is not developed and is thus considered abandoned
 
 
 [2]
 Defendant argues that in United States v. Fox, 766 F.Supp. 569 (N.D.Tex. 1991), a similarly situated defendant was found not guilty of a Sec. 915 violation. The Fox court mentioned, in a footnote, the defendant's Sec. 915 acquittal, but gave no reasons for it. The Fox opinion, which dealt with 18 U.S.C. Sec. 1546(a), a statute not at issue here, is not persuasive