[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15831
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-14020-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIELLA FERRONI-CARLI,
a.k.a. Gabriele Ferroni-Carli,
a.k.a. Astrid Gabriele Feldmann,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 7, 2009)

Before DUBINA, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Gabriella Ferroni-Carli appeals her conviction for falsely pretending or assuming to be a duly accredited foreign diplomat, in violation of 18 U.S.C. § 915.

On appeal, Ferroni-Carli argues that: (1) the evidence was insufficient for a reasonable jury to convict her of pretending to be a diplomat "duly accredited to the United States," with "intent to deceive or defraud"; and (2) the omission of the word "duly" from in front of the word "accredited" in the trial court's special jury instructions violated her right to a fair trial. After careful review, we affirm.

We review a district court's denial of a motion for judgment of acquittal <u>de novo</u>. <u>United States v. Hunt</u>, 526 F.3d 739, 744 (11th Cir. 2008). "We review jury instructions <u>de</u> <u>novo</u> to determine whether they misstate the law or mislead the jury to the prejudice of the party who objects to them." <u>United States v. Campa</u>, 529 F.3d 980, 992 (11th Cir. 2008).

First, we find no merit in Ferroni-Carli's claim that the evidence was insufficient to support her conviction. In reviewing the sufficiency of the evidence, we consider the evidence "in the light most favorable to the jury verdict, and draw all reasonable inferences and credibility determinations in favor of the Government." <u>United States v. Ellisor</u>, 522 F.3d 1255, 1271 (11th Cir. 2008). "[I]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." <u>Id.</u> (quotation omitted).

To prove a claim under 18 U.S.C. § 915, it is necessary to show: "(1) false assumption or pretension to be a consular official duly accredited as such to the United States; (2) in such pretended character the obtaining of a thing of value; and (3) an intent to defraud." Cortez v. United States, 328 F.2d 51, 52 (5th Cir. 1964);[1] see also 18 U.S.C. § 915.

In our analysis of the false pretension element in Cortez, we looked to: (1) documentation from the State Department confirming that the defendant, a former Guatemalan consul, lacked consular status during the time in question; and (2) evidence showing that he "pretended to act as Guatemalan consul" during that time period, including the fact that he maintained the same office he used when he was consul, continued to sign his letters as consul, and transacted official business as consul. Cortez, 328 F.2d at 52-53. We did not separately analyze whether the misrepresentation included the use of falsified documents indicating due accreditation. See id.; see also United States v. Callaway, 446 F.2d 753, 754 (3rd Cir. 1971) (holding -- in the only other published circuit case addressing § 915 -- that, "[a]bsent evidence to the contrary, any misrepresentation designed to obtain something of value implies the representation that the status, which would produce the thing of value sought, exists in the person making the misrepresentation").

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent former Fifth Circuit decisions issued prior to October 1, 1981.

With regard to the third element, the Supreme Court has held, in analyzing a similar statute, that "the words 'intent to defraud' . . . 'do not require more than that the defendants have, by artifice and deceit, sought to cause the deceived person to follow some course he would not have pursued but for the deceitful conduct.'" Cortez, 328 F.2d at 53 (quoting United States v. Lepowitch, 318 U.S. 702, 704 (1943)).[2]

Here, the evidence was sufficient for a reasonable jury to convict Ferroni-Carli of falsely pretending to be a duly accredited diplomat. It is uncontested that she was not a diplomat entitled to immunity. Nevertheless, the government's witnesses testified that Ferroni-Carli: (1) presented a diplomatic passport to police and stated that she was a diplomat; and (2) stated that she had diplomatic immunity when asked to confirm her status. Drawing all inferences and credibility choices in the government's favor, see Ellisor, 522 F.3d at 1271, a reasonable jury could have credited the government's witnesses over Ferroni-Carli's unsworn tape-recorded statement that she never claimed to be a diplomat. Likewise, her claim that she was entitled to diplomatic immunity within the United States could have supported

---

[2] The second element of the statute is not at issue in the present case. See United States v. Levy, 379 F.3d 1241, 1242-43 (11th Cir. 2004) (holding that issues not raised on appeal may be deemed waived).

4

an inference that she was claiming to be "duly accredited to the United States." See Cortez, 328 F.2d at 53; Callaway, 446 F.2d at 754.

The evidence also was sufficient for a reasonable jury to convict her of doing so "with intent to deceive or defraud." 18 U.S.C. § 915. By her own admission, Ferroni-Carli knew that she was not entitled to diplomatic immunity. The evidence that she nevertheless claimed to be a diplomat entitled to immunity and insisted that the police allow her to leave, could support a reasonable inference that she made that representation "with the design to mislead," especially in light of the evidence that a DUI investigation against her would have proceeded but for her false claim. Thus, a reasonable trier of fact could find that the evidence established Ferroni-Carli's guilt under § 915 beyond a reasonable doubt, and we affirm her conviction on that basis.

We likewise reject Ferroni-Carli's argument that the trial court's special jury instructions violated her right to a fair trial. We consider challenged jury instructions in the context "of the entire jury charge, in light of the indictment, evidence presented[,] and argument of counsel." United States v. Johnson, 139 F.3d 1359, 1366 (11th Cir. 1998) (quotations omitted). When these instructions, as a whole, accurately convey the applicable law, "there is no reason for reversal even though isolated clauses may, in fact, be confusing, technically imperfect, or

5

otherwise subject to criticism." United States v. Beasley, 72 F.3d 1518, 1525 (11th Cir. 1996).

Here, the jury instructions did not misstate the law relating to § 915 to the prejudice of Ferroni-Carli.[3]   First, the district court separately and accurately instructed the jury on the three elements of § 915, including the phrase "duly accredited" in relation to the first element, and Ferroni-Carli did not challenge this instruction.  Second, it instructed the jury that it only could find her guilty if all of the elements were proved beyond a reasonable doubt.  Thus, when viewed in the proper context, the omission of the word "duly" from the subsidiary instructions -- which (1) noted that "an accredited foreign diplomat" who commits a crime in the United States generally may not be prosecuted, and (2) ordered the jury to consider whether Ferroni-Carli "believed herself to be an accredited official," in determining her intent -- was not misleading or prejudicial.  Johnson, 139 F.3d at 1366.  Accordingly, we affirm Ferroni-Carli's conviction.

**AFFIRMED.**

---

[3] If a party fails to state specific grounds for objecting to the jury instructions at trial, we review the claim for plain error. United States v. Schlei, 122 F.3d 944, 973 (11th Cir. 1997). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005) (quotations omitted).  While plain error review arguably applies here, it is not necessary for us to decide the issue because the more lenient de novo standard supports the challenged instructions.