**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4020**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

ROLAND LEE MORRISON, a/k/a Rashad El-Mumin Muhammad,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda Wright Allen, District Judge. (2:10-cr-00195-AWA-TEM-1)

Submitted: July 20, 2012        Decided: August 6, 2012

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Walter B. Dalton, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Norfolk, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Joseph L. Kosky, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roland Lee Morrison appeals his convictions for fraudulent assertion of diplomatic immunity, in violation of 18 U.S.C. § 915 (2006). On appeal, Morrison challenges the sufficiency of the evidence used to convict him. We affirm.

We review de novo the denial of a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29. United States v. Chong Lam, 677 F.3d 190, 198 (4th Cir. 2012). We are required to "sustain a guilty verdict that, viewing the evidence in the light most favorable to the prosecution, is supported by substantial evidence." United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008) (internal quotation marks omitted). "'[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Chong Lam, 677 F.3d at 198 (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). "[W]e do not review the credibility of the witnesses and assume that the [factfinder] resolved all contradictions in the testimony in favor of the government." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). A defendant challenging the sufficiency of the evidence "bears a heavy burden," as reversal of a conviction is limited to "the rare case where the prosecution's failure is clear." United States v. Ashley, 606

2

F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

The United States Code prohibits a person, "with intent to defraud within the United States, [from] falsely assum[ing] or pretend[ing] to be a diplomatic, consular or other official of a foreign government duly accredited as such to the United States and act[ing] as such, or in such pretended character, demand[ing] or obtain[ing] or attempt[ing] to obtain any money, paper, document, or other thing of value." 18 U.S.C. § 915. "Attempting to secure immunity from possible prosecution is a 'thing of value' within the meaning of this statute." United States v. Shaabu-El, 275 F. App'x 205, 207 (4th Cir. 2008) (argued but unpublished) (citing United States v. Callaway, 446 F.2d 753, 754-55 (3d Cir. 1971)).

Morrison first argues that, because no Moorish state exists, the Government failed to establish that he "pretended to be a diplomatic, consular, or other official of a foreign government duly accredited as such to the United States." (Appellant's Br. at 11). Because Morrison did not raise this specific issue in his Rule 29 motion, the argument is waived on appeal. Chong Lam, 677 F.3d at 200 ("When a defendant raises

specific grounds in a Rule 29 motion, grounds that are not specifically raised are waived on appeal.").*

Next, Morrison argues that he lacked the intent to defraud because no reasonable officer would have considered his Moorish National Road Traveler card a legitimate diplomatic card. However, it is Morrison's state of mind, not that of the arresting officers, that is relevant to his guilt or innocence. When viewed in light of the evidence as a whole, including Morrison's dialogue with the officers and the testimony of Morrison's family members regarding his "diplomatic" card, we conclude that the Government presented sufficient evidence to establish that Morrison intended to defraud the officers by presenting the card as diplomatic identification.

Finally, Morrison argues that the Government failed to establish that he attempted to obtain a "thing of value" by presenting the Moorish National card in response to the officers' request for identification. Viewing the evidence as a whole in the light most favorable to the Government, we conclude that substantial evidence supported the court's conclusion that Morrison provided the card in an attempt to use it "as a shield

---

* In any event, were we to review this issue on its merits for plain error, we would conclude without difficulty that Morrison could not meet the requisite showing. See United States v. Olano, 507 U.S. 725, 732 (1993) (standard of review); Shaabu-El, 275 F. App'x at 207-08.

4

against the law," <u>Callaway</u>, 446 F.2d at 754, and therefore attempted to obtain a "thing of value" through its use.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
