**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 18, 2014
Decided April 20, 2015

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 13-3689

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    *Plaintiff-Appellee*,<br><br>    *v.*<br><br>MELVIN DOUGLAS HILLMAN, a/k/a<br>HABIB JIMAMANU BEY, a/k/a HABIB<br>BAKARI-BEY<br>    *Defendant-Appellant*. | Appeal from the United States District<br>Court for the Northern District of<br>Indiana, South Bend Division.<br><br>No. 3:12-cr-00046–JD-CAN-1<br><br>Jon E. DeGuilio,<br>*Judge*. |

**O R D E R**

A jury found Melvin Hillman (also known as Habib Jimananu-Bey)[1] guilty of falsely pretending to be a diplomat, 18 U.S.C. § 915, and of wrongfully affixing the seal of the Department of Justice to a fake identification card, 18 U.S.C. § 1017. The district court sentenced him to two years' probation. On appeal Bey challenges the sufficiency of the evidence supporting his convictions under § 915 and § 1017. Because the evidence shows

---

[1] In late 2011, two days after the traffic stop at issue here, Hillman legally changed his name to Habib Jimamanu-Bey.

that Bey falsely impersonated a diplomat and wrongfully used a copy of the Department of Justice's seal on a false identification card, we affirm.

We recite the facts in the light most favorable to the jury's verdict. *See United States v. Mitten*, 592 F.3d 767, 776 (7th Cir. 2010); *United States v. Jaderany*, 221 F.3 929, 991 (7th Cir. 2000). Bey's arrest arose out of a traffic stop in South Bend, Indiana. Police officer Jamil Elwaer testified that he pulled over Bey's van when he suspected that the license plate was fake. The license plate, according to Officer Elwaer, was a plastic-type sticker bearing the Moroccan flag and the words "Private Diplomat," "Morocco," and "Mu'ur Republic." Upon being pulled over, Bey said nothing to discourage the impression that he was a foreign diplomat:

| | |
|---|---|
| Officer: | Are you an official from another country, sir? |
| Bey: | I am from Morocco, right. |
| Officer: | And what is your status in Morocco? |
| Bey: | I am a Moorish American. |

Bey also told officers that he was an "official diplomat" and that he had credentials (an identification card) showing that he was a "U.N. diplomat." Officer Elwaer ran the license plate to see if the vehicle was registered as a diplomatic plate, but "[t]he plate did not come back," meaning that it was invalid.

Elwaer then asked Bey for identification. Bey handed over an official-looking "Right to Travel Identification Card" displaying a Moroccan flag at the top, a bar code on one side, a photo of himself wearing a fez, and personal information listing him as six-foot-ten, "Moorish American," and weighing "2,450 pounds" or 111 kilograms. The bottom of the card directed the viewer to "www.muurishgansul.com" in order to "verify validity and ground of issue." The back of the card displayed emblems of the United Nations and the U.S. Department of Justice, a reference to a "right to travel" under Article VI of the U.S. Constitution, and a quotation from an Illinois judicial decision stating that "NO State entity has the power to allow or deny passage on the highways."

The Justice Department's seal on the back of the card led Officer Elwaer to think that the card was, or might have been, government-issued. Elwaer testified that he bent the card in half to check its elasticity and validity, and the card broke in half. Elwaer then issued Bey two tickets for driving while suspended and having a fictitious license plate.

Two months later a grand jury indicted Bey with one count of falsely pretending to be a diplomat, 18 U.S.C. § 915,[2] one count of fraudulently affixing a seal of a U.S. department or agency to a false identification card, 18 U.S.C. § 1017,[3] and one count of knowingly receiving a counterfeit seal of the United States Department of Justice, 18 U.S.C. § 716.

The trial focused on whether Bey actually impersonated a diplomat and whether he falsely affixed the Department of Justice's seal to his "identification card." Jurors viewed a videotape of the traffic stop and heard both Officer Elwaer and an FBI special agent testify that Bey did not have diplomatic immunity, that Bey's identification card was created from a website, and that no one at the Department of Justice authorized Bey to use the Department's seal.

Bey moved under Federal Rule of Criminal Procedure 29 for judgment of acquittal on all counts. As to the first count, Bey argued that the government failed to prove that he pretended to be a diplomat from a foreign country because the Mu'ur Republic did not exist. He also argued that the government had not met its burden to show that he fraudulently attached the Justice Department's seal to his identification card or that he acted with fraudulent intent.

The district court rejected Bey's motion. With regard to Count I, impersonating a foreign diplomat, the court explained that Bey held himself out as a diplomat from Morocco, telling officers that he was from there and using a license plate that displayed the Moroccan flag and the word Morocco. A reasonable jury could find, the court concluded, that Bey was impersonating a Moroccan diplomat. In any event, the court added, § 915 had not been construed as being limited to impersonations of diplomats from actual foreign nations. It was enough, the court concluded, that Bey held himself out on the identification card as a properly accredited diplomat. As for count II,

---

[2] A defendant wrongfully impersonates a diplomat when he "falsely assumes or pretends to be a diplomatic, consular or other official of a foreign government duly accredited as such to the United States and acts as such, or in such pretended character demands or obtains or attempts to obtain any money, paper, document, or other thing of value." 18 U.S.C. § 915.

[3] A defendant misuses a government seal when he "fraudulently or wrongfully affixes or impresses the seal of any department or agency of the United States to or upon" any document. 18 U.S.C. § 1017.

wrongful or fraudulent use of a document to which a seal of a U.S. Department was affixed, the court determined that there was sufficient evidence for a rational jury to conclude that Bey knew that the seal was there, that the seal had not been affixed by the Justice Department, and that he used the card to try to influence the arresting officers' actions during the stop.

After the district court denied Bey's Rule 29 motion, the case proceeded to closing arguments, and the jury eventually convicted Bey of all three counts. Three months later the court sentenced Bey to two years' probation on each count to be served concurrently.

On appeal Bey argues that the evidence at trial was insufficient to support his § 915 conviction because the statute's plain language requires a defendant to pretend to be a diplomatic officer of a foreign government. He maintains that "foreign government" refers to an actual government and cannot apply to a fictitious entity like the Mu'ur Republic.

But a reasonable juror could have concluded that Bey pretended to be a diplomat from Morocco—a real country. A jury verdict will be set aside "only if the record contains no evidence, regardless of how it is weighted, from which a jury could have returned a conviction," *United States v. Presbitero*, 569 F.3d 691, 704 (7th Cir. 2009), and that is not the case here. The videotape and accompanying transcript of Bey's traffic stop confirm that Bey told officers that he was an official diplomat and from Morocco, that he carried an identification card representing a false connection to the U.N., and that he drove with a license plate displaying the word "diplomat" and a labeled Moroccan flag. In short, ample evidence reflects that Bey held himself out as a Moroccan diplomat.

As for Bey's so-called plain-language interpretation of § 915, we agree with the other circuits that a defendant violates § 915 when he tries to "use diplomatic privilege as a shield against the law." *United States v. Callaway*, 446 F.2d 753, 754 (3d Cir. 1971) (defendant convicted under § 915 by pretending to be a Canadian diplomat); *see United States v. Morrison*, 491 F. App'x 367, 369 (4th Cir. 2012) (defendant convicted under § 915 after he identified himself to police officers as "Moorish National Road Traveler"); *United States v. Ferroni-Carli*, 322 F. App'x 779, 780–81 (11th Cir. 2009) (defendant convicted under § 915 after she told police that she was a diplomat "duly accredited to the United States"); *United States v. Shaabu El*, 275 F. App'x 205, 207–08 (4th Cir. 2008) (defendant convicted under § 915 after representing himself to law enforcement as a diplomat from fictitious country of Atlan); *United States v. Charczenko*, 1995 WL 7961, at *3 (6th Cir. 1995) (unpublished order) (defendant convicted under § 915 after identifying himself to police officer at roadblock as an "ambassador of Christ").

Bey also argues that the government failed to prove that he used a document bearing a fraudulently affixed seal of the Department of Justice, as required for a conviction under 18 U.S.C. § 1017. Section 1017, he maintains, applies only to the misuse of actual Justice Department seals, not to the use of fraudulent or counterfeit seals or facsimiles of seals. When Congress drafted § 1017, he says, it knew how to extend its scope to include facsimiles, counterfeits, and forgeries (which are included within the ambit of many other Title 18 offenses), but deliberately declined to do so. Because his identification card bears merely a counterfeit facsimile of the Department of Justice seal, he argues that § 1017 cannot apply to his conduct.

We disagree. Section 1017 covers any wrongful use of a U.S. Department seal, including a copy of a seal that was wrongfully affixed to an identification card. Statutes must be interpreted in a way that leads to a reasonable result, *see Scherr v. Marriott Intern., Inc.*, 703 F.3d 1069, 1077 (7th Cir. 2013), and limiting the word "seal" in § 1017 only to actual seals leads to an absurd result—defendants would be punished if they stole and used authentic seals from the Department of Justice, but not if they merely affixed a counterfeit seal to something. As in *United States v. Goodyke,* 639 F.3d 869, 871–72 (8th Cir. 2011), in which defendants were convicted under § 1017 for selling "diplomatic immunity cards" bearing an unauthorized copy of the seal of the U.S. State Department, Bey used a realistic copy of the Justice Department's seal on the back of his identification card to make it appear more legitimate.

AFFIRMED.