UNITED STATES of America

v.

Robert James FOX.

No. CR3–90–0288–H.

United States District Court,
N.D. Texas,
Dallas Division.

June 3, 1991.

Candina Heath, Asst. U.S. Atty., Dallas, Tex., for U.S.

Robert James Fox, in pro per.

## MEMORANDUM OPINION AND ORDER

SANDERS, Chief Judge.

Before the Court are the Motion to Dismiss of Defendant Robert James Fox, filed May 6, 1991; and the Response of the United States, filed June 3, 1991.

### I. Facts.

Defendant Robert J. Fox, a Canadian national, was arrested on October 9, 1990 for allegedly pretending to be a foreign diplomat when he was stopped for a traffic violation on North Plano Road in Dallas County, Texas. At the time he was stopped by the Richardson Police, Fox displayed a document he claims is a diplomatic passport from the "Kingdom of Israel" or "Elohim's Kingdom of Israel." There were no marks or visas in the passport indicating that it had been used to enter the United States. The passport did, however, contain references to Bible verses. Fox was indicted on October 30, 1990 for alleged violations of Sections 1546(a) (possessing a falsely made passport) and 915 (pretending to be a diplomat) of Title 18, United States Code. Fox was arraigned on April 11, 1991 after having been found competent to stand trial by the United States Medical Center at Springfield, Missouri. The Court

entered a plea of Not Guilty for Fox, who defended himself.[1]

By his present motion, Fox asks the Court to dismiss count one of the indictment, which charges that Fox "did knowingly possess and attempt to use a document prescribed by statute and regulation for entry into and evidence of authorized stay in the United States, to wit, a diplomatic passport from the Kingdom of Israel, knowing said passport to be forged, counterfeited, and falsely made", in violation of 18 U.S.C. Section 1546(a).

### II. Section 1546.

The facts concerning Fox's conduct are not disputed as far as count one of the indictment is concerned, and the sole issue before the Court is one of statutory construction.

It is fundamental law in the United States that criminal statutes must be construed strictly in favor of the accused. Chief Justice Marshall articulated this principle in 1820.

> The rule that penal laws are to be construed strictly, is perhaps not much less old than construction itself. It is founded on the tenderness of the law for the rights of individuals; and on the plain principle, that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime, and ordain its punishment.

*United States v. Wiltberger,* 18 U.S. (5 Wheat.) 76, 95, 5 L.Ed. 37 (1820); *see Smith v. United States,* 360 U.S. 1, 9, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041 (1959) (reversing conviction "in view of the traditional canon of construction which calls for the strict interpretation of criminal statutes and rules in favor of defendants where substantial rights are involved"); *Yates v. United States,* 354 U.S. 298, 304–05, 310, 77 S.Ct. 1064, 1069–70, 1072, 1 L.Ed.2d 1356 (1957) (quoting *United States v. Wiltberger* and reversing convictions because "we should follow the familiar rule that criminal statutes are to be strictly construed"); *United States v. Resnick,* 299

---

**1.** Fox was found not guilty of the Section 915     count after a trial before the Court.

U.S. 207, 209, 57 S.Ct. 126, 127, 81 L.Ed. 127 (1936) ("Statutes creating crimes are to be strictly construed in favor of the accused; they may not be held to cases not covered by the words used."); *United States v. Reeves*, 752 F.2d 995, 999 (5th Cir.) (citing *Federal Maritime Commission v. Seatrain Lines, Inc.*, 411 U.S. 726, 93 S.Ct. 1773, 36 L.Ed.2d 620 (1973), in stating that criminal statutes are to be strictly construed), *cert. denied*, 474 U.S. 834, 106 S.Ct. 107, 88 L.Ed.2d 87 (1985); *United States v. Rojas*, 671 F.2d 159, 163 (5th Cir. Unit B Mar.1982) (discussing "the 'rule of lenity' requiring strict construction of criminal statutes"); *United States v. Wells*, 176 F.Supp. 630, 632 (S.D.Tex.1959) ("It is a fundamental rule of statutory construction that penal statutes must be construed strictly, or as it is otherwise stated, strictly construed against the prosecution or strictly construed in favor of the person accused."). This basic rule has been applied to Section 1546 by the United States Supreme Court. *See United States v. Campos–Serrano*, 404 U.S. 293, 297, 92 S.Ct. 471, 474, 30 L.Ed.2d 457 (1971) (applying rule of strict construction to Section 1546 and stating that one is not subjected to a penalty unless the words of the statute plainly impose it).

Section 1546 of Title 18 reads in pertinent part as follows.

> Whoever knowingly ... attempts to use [or] possesses any [immigrant or nonimmigrant] visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, or falsely made [shall be guilty of an offense against the United States].

18 U.S.C. § 1546(a). Fox's argument in seeking dismissal of the Section 1546 charge is simple: a passport from Elohim's Kingdom of Israel is not a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States. The Government, on the other hand, contends that the phrase "other document" includes such a passport.

The most thorough analysis of the relevant provision of Section 1546 was presented in *United States v. Vargas*, which discussed the scope of Section 1546 before its amendment in 1986. Prior to its amendment the Statute was restricted to documents "required for entry into the United States" and did not apply to documents "prescribed by statute ... as evidence of authorized stay or employment in the United States". Before discussing the 1986 amendment of Section 1546, the Court turns to the analysis of the Statute provided by *United States v. Vargas*.

In *Vargas*, the court noted that "[t]he offenses proscribed in § 1546 originated in § 22 of the Immigration Act of 1922, Ch. 190, 43 Stat. 165. The offenses specified in § 22 related to 'immigration visa or permit.'" *United States v. Vargas*, 380 F.Supp. 1162, 1164 (E.D.N.Y.1974) (footnote omitted). After reviewing the history of Section 1546, the court stated that

> the Statute and its predecessor dealt solely with immigrant visas and permits, which by definition were documents issued by the United States. There is no indication that the amendment of the statute in 1952 was designed to reach anything except documents equivalent to visas and permits also issued by officers of the United States.

*Id.* at 1165.

Accordingly, the *Vargas* court examined the relevant statutes concerning immigration, aliens, and nationality, *see id.* at 1166–67, as well as related sections of the federal criminal code. *See id.* at 1167–68. The court held that "[a] foreign passport, unlike a visa or permit, cannot generally be defined as a document required for entry into the United States." *Id.* at 1168. In dismissing the indictment as a matter of law, the court stated that

> absent an expression of congressional intent to create substantive offenses related to documents issued by foreign nations, and with strong indications to the contrary, the court cannot read the first

paragraph of § 1546 as applicable to foreign passports.

*Id.* at 1169.

There are two basic distinctions between *Vargas* and the present case. First, *Vargas* concerned a Colombian passport that allegedly was procured by fraud in violation of Section 1546. In this case, Fox is accused of possessing and attempting to use a passport from a nonexistent political entity, Elohim's Kingdom of Israel. Just as the *Vargas* court found no evidence of congressional intent to apply Section 1546 to a passport from an officially recognized foreign nation, here the Court finds that there is absolutely no indication of congressional intent to make a substantive offense related to documents which are homemade and not represented as being issued by any real government, foreign or otherwise.[2] On this ground alone, the Section 1546 charge against Fox should be dismissed.

The second basic distinction between *Vargas* and the present case is a legal one, namely that Section 1546 was amended in 1986, twelve years after the *Vargas* decision. The part of the amendment relevant to this case is the substitution of "permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States" for "permit, or document [required for entry into the United States]". *See* 18 U.S.C.A. § 1546 (Supp. 1991) Historical and Statutory Note, *citing* Pub.L. 99–603 § 103(a)(3), 100 Stat. 3359 (1986), as amended by Pub.L. 100–525 § 2(c), 102 Stat. 2609 (1988).

The issue, then, is whether a passport is a "document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States." As a preliminary matter, the Court considers it absolutely plain that a passport is not a document required by law as evidence of employment in the United States. In any event, the indictment against Fox does not allege that the Kingdom of Israel passport was used by Fox as evidence of employment in the United States.

Thus, the question presented by this case is whether Fox's passport is a document required by statute or regulation for entry into or as evidence of authorized stay in the United States pursuant to Section 1546 as amended in 1986. The Court finds that it is not.

As already noted, Congress amended Section 1546 twelve years after the *Vargas* ruling. Had Congress wished to apply Section 1546 to passports, it easily could have listed them along with immigrant and non-immigrant visas, permits, border crossing cards, and alien registration receipt cards. When Congress amended Section 1546 it included a list of immigration-related documents—all issued by the United States— as examples of the sorts of documents the Statute was intended to encompass. Congress' failure to include the most common document used in international travel among documents within the scope of Section 1546 indicates a lack of congressional intent to criminalize possession of a bogus passport under the Statute.

Congress amended Section 1546 as part of the Immigration Reform and Control

---

**2.** In this regard the Court notes that Fox denies being a citizen of any worldly country or having allegiance to any political entity. In his Answer to the Charges, filed November 27, 1990, Fox stated the following.

> I am a Hebrew man of the tribes of Israel. I am a descendant of Shem, Abraham, Isaac and Jacob (Israel). I am a native born American and a stranger and sojourner in the land of my birth. I am not now nor have I ever been a citizen of the United States.
>
> .    .    .    .    .

> I created the Kingdom of Israel passport as a travel document and as a means of identifying myself and it is evidence of my declaration of my allegiance to the Creator of the Universe.
>
> I deny that the passport is forged, counterfeited or falsely made. It is a genuine Kingdom of Israel passport and I have made no attempt to impersonate myself, I am myself.

Act of 1986, Pub.L. 99–603 § 103, 100 Stat. 3359 (1986). The legislative history of that Act shows that Section 1546 was amended "to extend the criminal penalties for fraud and misuse of immigration-related documents to include border crossing cards, alien registration receipt cards, and other documents issued as evidence of lawful entry or employment in the United States." H.R.Rep. No. 99–682(I), 99th Cong, 2d Sess., *reprinted in* 1986 U.S.Code Cong. & Admin.News 5649, 5698. As this language—as well as the language of the Statute itself—indicates, Congress did not intend to criminalize possession of foreign or bogus passports when it amended Section 1546, but rather restricted the criminal sanction to immigration-related documents issued by the United States. There is no indication that the amendment of the statute in 1986 was designed to reach anything except documents equivalent to visas, permits, and border crossing cards also issued by officers of the United States. Absent indications of such congressional intent, the Court must construe Section 1546 in favor of Fox.

The Court's conclusion that Fox's passport is not within the scope of Section 1546 is buttressed by the fact that other sections of Chapter 75 of Title 18 provide criminal penalties for offenses related to passports. Section 1541 criminalizes issuing a passport without authority to do so. Section 1542 concerns making false statements in an application for a passport. Section 1543 states that "[w]hoever falsely makes, forges, counterfeits, mutilates, or alters any passport or instrument purporting to be a passport, with intent that the same be used" is guilty of an offense against the United States. Section 1544 creates a criminal sanction for misuse of a passport. Section 1545 criminalizes the violation of a safe conduct or passport issued under the authority of the United States. The only section of Chapter 75 of Title 18 that does not mention passports is the Statute at issue here, Section 1546. Particularly in light of the amendment of Section 1546 following the *Vargas* decision it is inconceivable that the Statute was intended by Congress to cover passports at all.

The Government argues that a passport is covered by the phrase "other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States". In general, the government contends that since there are United States statutes concerning passports, passports must be documents intended by Congress to be within the scope of Section 1546. The Government argues, for example, that because Section 1182 of Title 8, United States Code, includes in its definition of excludable aliens "[a]ny nonimmigrant who is not in possession of (A) a passport ... and (B) ... a valid nonimmigrant visa or border crossing identification card", 8 U.S.C.A. § 1182 (1970), a passport from Elohim's Kingdom of Israel is covered by Section 1546. Similarly, the Government points to 8 C.F.R. § 212.1, which requires presentation of a passport for admission of an alien into the United States.

There are several problems with the Government's position. First, the *Vargas* court carefully examined the statutory scheme of Title 8 and rejected the Government's argument, finding that "there is no basis for believing" that Section 212.1 "was intended to implement the criminal statute." *United States v. Vargas*, 380 F.Supp. at 1167. As already noted, Congress easily could have expressly included passports within the scope of Section 1546 when it amended the Statute in 1986. That it chose to include several immigration-related documents but did not mention passports clearly expresses a congressional intent to leave passports outside the scope of Section 1546.

Second, Fox is a Canadian national, and the Code of Federal Regulations expressly waives the entry requirement of a passport for Canadian nationals except under circumstances that do not apply here. *See* 8 C.F.R. § 212.1(a). Thus, the federal regulation directly applicable to the present case provides that a passport is not a document required for entry into or as evidence of authorized stay in the United States.

Third, 8 U.S.C. § 1182(a)(7)(B)(i), which defines the documentation requirements for nonimmigrants, makes clear that a passport is only one of several types of documents which may be used for entry into the United States. Also, the Court cannot accept the Government's contention that this statute, which so clearly concerns entry requirements, relates to the Section 1546 language about documents providing evidence of authorized stay in the United States. Section 1182 concerns criteria for excluding aliens, and speaks only of "contemplated" periods of "stay."

Fourth, the federal statutes and regulations define the term "passport" as being a travel document attesting to the identity and nationality of the bearer, and not a document required for entry or authorized stay in the United States. *See* 8 C.F.R. § 51.1(e); 8 U.S.C. § 1202(b).

The cases relied on by the Government are inapposite to the present case. The first case, *United States v. Dangdee*, 616 F.2d 1118, 1119 n. 2 (9th Cir.1980), stated that "Section 1546 ... concerns passports, to the extent that 'other documents of entry' can be interpreted to encompass passports...." The *Dangdee* court limited the application of Section 1546 to passports, however, by stating that the rulings of *Vargas* and *United States v. Restrepo–Granda*, controlled the issue. *See id.* *Vargas* has already been discussed. In the latter case, the Fifth Circuit affirmed a conviction where Section 1546 was applied to a passport "containing a United States non-emigrant *visa* in violation of that section." *United States v. Restrepo–Granda*, 575 F.2d 524, 530 (5th Cir.) (emphasis added), *cert. denied*, 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978).

The second case relied on by the Government, *United States v. Fawole*, 785 F.2d 1141 (4th Cir.1986), is factually inapposite because *Fawole* was a Fourth Amendment case in which the court never addressed the applicability of Section 1546 to passports.

*Franco–de Jerez v. Burgos*, 876 F.2d 1038 (1st Cir.1989), was a civil rights action where the main issue before the court was whether there was probable cause to file a criminal complaint against the defendant under several statutes, including Section 1546. *See id.* at 1040–41. Although the court did find that probable cause existed to charge the defendant under Section 1546 because it appeared she had altered her passport, *see id.* at 1041, as in the *Restrepo–Granda* case the passport contained a visa. *See id.* at 1039. In any event, the case was primarily about Section 1543, which expressly concerns passports, and only mentioned Section 1546 in passing.

Finally, in *United States v. White*, 757 F.Supp. 45 (D.D.C.1990), the court did not apply Section 1546 to a passport, but rather to an Immigration and Naturalization Service Form I–94. *See id.* at 46. The Government is correct that the *White* case concerned the crime of fraudulently obtaining a passport, but in *White* the defendants were properly charged of that offense under Section 1542 of Title 18.

In any case, the Court finds that to achieve the construction of Section 1546 that the Government urges requires an unnecessarily involved journey through the Code of Federal Regulations and Title 8 of the United States Code. Because Congress simply could have included passports with the immigration-related documents listed in Section 1546 indicates that the Government's construction of the Statute is excessively liberal and broad, and violative of the fundamental rule of strict construction of criminal statutes. It is an "elementary rule" that a person "is not to be subjected to a penalty unless the words of the statute plainly impose it." *Keppel v. Tiffin Savings Bank*, 197 U.S. 356, 362, 25 S.Ct. 443, 445, 49 L.Ed. 790 (1905). The Court cannot and does not find that the words of Section 1546 plainly impose a criminal sanction on possession of a bogus passport from a nonexistent nation. The Court does not accept the Government's construction of Section 1546 because "when choice has to be made between two readings of what Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite." *United States v. Universal C.I.T. Credit Corp.*,

344 U.S. 218, 221–22, 73 S.Ct. 227, 229, 97 L.Ed. 260 (1952); *see United States v. Tonry,* 837 F.2d 1281, 1285 (5th Cir.1988) ("When there are two rational interpretations of a statute, one harsher than the other, the court may choose the harsher result only when the legislature has spoken in clear and definite language.").

### III.  Conclusion.

For the reasons stated above, the motion to dismiss of Defendant Robert James Fox is GRANTED and count one of the indictment, charging a violation of Title 18, United States Code, Section 1546(a) is hereby DISMISSED.

SO ORDERED.