# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 15, 2016       Decided January 27, 2017

No. 14-3091

UNITED STATES OF AMERICA,
APPELLEE

v.

DAVID VYNER,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cr-00144-1)

*Sandra G. Roland*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender. *Tony Axam Jr.*, Assistant Federal Public Defender, entered an appearance.

*David P. Saybolt*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief was *Elizabeth Trosman*, Assistant U.S. Attorney.

Before: ROGERS, BROWN* and MILLETT, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* ROGERS.

*Circuit Judge* BROWN concurs in the judgment.

ROGERS, *Circuit Judge*: On appeal from his conviction upon entering a guilty plea to violating 18 U.S.C. § 1546(a), David Vyner contends that he was denied his right to the effective assistance of counsel under the Sixth Amendment to the Constitution. Section 1546(a) penalizes the knowing possession of an altered document prescribed by statute or regulation for entry into the United States. Vyner admitted he knowingly possessed an altered foreign passport but contends that Section 1546(a) covers only documents issued by the United States, not by foreign governments. Alternatively, even if Section 1546(a) contemplates foreign documents, he contends that the altered foreign passport he possessed had already expired and the statutes and regulations governing entry into the United States call for an *unexpired* passport. Vyner, therefore, concludes that his counsel's failure to advise him that his conduct did not satisfy the elements of the crime charged and counsel's advice to plead guilty fall below the constitutional standard of reasonable competence. Had he known his conduct did not satisfy the elements of Section 1546(a), Vyner asserts that he would not have pled guilty.

For the following reasons, we conclude Vyner has failed to show that his counsel's conduct at the time of his plea fell below the standard of reasonable competence under the first prong of *Strickland v. Washington*, 466 U.S. 668, 687, 689 (1984), and therefore we do not reach the prejudice prong. Although an open question in this circuit, two circuit courts of appeal had held prior to Vyner's plea that Section 1546(a) covers foreign passports, and no circuit court had held to the contrary. Under the rule of contemporary assessment, *see id.* at 690, counsel had reason to conclude Section 1546(a) encompasses foreign passports. Similarly, reasonably competent counsel could have understood Section 1546(a), in view of its statutory and regulatory predicates, to criminalize the knowing possession of an altered foreign passport that had expired. And by advising a

guilty plea, pursuant to a plea agreement with the government, counsel ensured that Vyner avoided a mandatory two-year sentence on the count that the government agreed to dismiss in exchange for Vyner's plea to a count with fourteen months' maximum imprisonment under the Sentencing Guidelines. Accordingly, we affirm.

**I.**

In 2011, Vyner was indicted in Count 1, for fraud and misuse of visas, permits, and other documents in violation of 18 U.S.C. § 1546(a), and in Count 2, for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  In April 2014, he pled guilty to Count 1, and in accordance with the parties' plea agreement, the government dismissed Count 2, which carried a mandatory sentence of two years' imprisonment, 18 U.S.C. § 1028A(a)(1).

At the plea hearing pursuant to Federal Rule of Criminal Procedure 11, Vyner agreed to the government's proffer of undisputed facts.  *See* Plea Tr. 12–13 (Apr. 25, 2014).  As relevant, the proffer stated that on December 28, 2010, Deputy United States Marshals went to a Washington D.C. hotel, where Vyner had reserved a room, in order to execute an arrest warrant issued by a judge of the Circuit Court of Broward County, Florida.  The Marshals arrested Vyner in the hotel lobby and secured his hotel room.  Upon obtaining a search warrant, federal Diplomatic Security Service agents seized from Vyner's hotel room an Albanian diplomatic passport issued in the name of Adrian Shima, the former Second Secretary to the Albanian Embassy in Washington, D.C., and bearing a passport photograph of Vyner.  The passport contained an expiration date of January 25, 2010, and a stamped entry of "VALID UNTIL DEC 2015" in an area intended to show the passport's renewed validity date.  The agents also seized a rubber stamp that left an

imprint identical to the stamp on Mr. Shima's passport, as well as inkpads, an X-ACTO knife, a metal-edged ruler, laminating materials, a counterfeit test pen, glue sticks, and a sheet of passport photographs of Vyner (with one photograph missing) identical to the photograph in Mr. Shima's passport. Vyner admitted that he knew Mr. Shima's expired passport had been altered because Mr. Shima's photograph had been removed and replaced with a photograph of himself and agreed that this evidence established beyond a reasonable doubt that he knowingly possessed, without lawful authority, an altered Albanian diplomatic passport.

The district court accepted Vyner's plea to Count 1, and sentenced him to 364 days' imprisonment. Vyner appeals the judgment of conviction, contending that his trial counsel provided constitutionally deficient advice and that he was prejudiced as a result. Our review of his ineffective assistance of counsel challenge is *de novo*. *United States v. Abney*, 812 F.3d 1079, 1086–87 (D.C. Cir. 2016); *see United States v. Nwoye*, 824 F.3d 1129, 1134–35 (D.C. Cir. 2016).

**II.**

Under *Strickland v. Washington*, 466 U.S. 668,

> [a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious

as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687; *see United States v. Toms*, 396 F.3d 427, 432 (D.C. Cir. 2005). This standard also applies to "ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

To establish deficient performance, the defendant must demonstrate that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Id.* at 56 (quotation omitted). The issue is to be assessed as of the time of counsel's challenged conduct and without "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Indeed, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (citation omitted). And where "the record does not explicitly disclose . . . counsel's actual strategy or lack thereof . . . , the presumption may only be rebutted through a showing that no sound strategy posited by . . . [the government] could have supported the conduct." *United States v. Abney*, 812 F.3d 1079, 1087 (D.C. Cir. 2016) (quoting *Thomas v. Varner*, 428 F.3d 491, 500 (3d Cir. 2005) (citing *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003))).

Section 1546(a) appears in Chapter 75, "Passports and Visas," and subjects criminal penalties to whoever:

> [K]nowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, *border crossing card, alien registration receipt card, or other document prescribed by statute or*

> *regulation for entry into or as evidence of authorized stay or employment in the United States*, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, *border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States*, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained.

18 U.S.C. § 1546(a) (emphases added). The italicized words were enacted in 1986, when Congress amended Section 1546(a) "to expand its reach." *United States v. Ryan-Webster*, 353 F.3d 353, 362 (4th Cir. 2003) (citing H.R. REP. NO. 99-682(I), at 94 (1986); S. REP. NO. 99-132, at 31 (1985)). Previously, Section 1546(a) had referred to any immigrant or non-immigrant visa, permit, or other document "required for entry into the United States," 18 U.S.C. § 1546(a) (1985), and courts had strictly construed the statute, at times concluding the statute did not cover certain documents relating to immigration and border control. For example, the Supreme Court held that the statute did not cover alien registration receipt cards because such documents may "be used for re-entry" in some instances but "are not required for entry," *United States v. Campos-Serrano*, 404 U.S. 293, 298 (1971), and a federal district court ruled the statute did not apply to foreign passports because unlike visas or permits, the primary purpose of foreign passports was not the "facilitation of entry into the United States," *United States v. Vargas*, 380 F. Supp. 1162, 1168 (E.D.N.Y. 1974). The current version of Section 1546(a) requires, as relevant, the government to prove (1) the defendant knowingly possesses a document, (2) knowing it to be forged, counterfeited, altered, or falsely made,

and (3) the document is prescribed by statute or regulation for entry into the United States.

## A.

Vyner does not contest that he possessed the Albanian passport or that it was "altered" within the meaning of Section 1546(a). Instead, he contends that the altered Albanian passport is not a document "prescribed by statute or regulation" for entry because it was not issued by the United States. This court has not addressed the question of statutory interpretation, and it is unnecessary to do so now. The question presented by Vyner's appeal is whether his trial counsel's performance was "deficient," *Strickland*, 466 U.S. at 687, which hinges on whether it was reasonable for counsel to advise Vyner to plead guilty to Count 1 rather than challenge the government's interpretation of Section 1546(a).

At the time Vyner pled guilty, two federal courts of appeal had interpreted the clause "other documents prescribed by statute or regulations for entry into . . . the United States," 18 U.S.C. § 1546(a), to include foreign passports, making the knowing possession of an altered foreign passport a crime under Section 1546(a), even if the statute is strictly construed. No other federal courts of appeal had held to the contrary. In *United States v. Rahman*, 189 F.3d 88 (2d Cir. 1999), the Second Circuit held that "a passport issued by a foreign government is clearly a document 'prescribed by statute or regulation for entry into the United States,' and knowing possession of a forged or altered foreign passport is an offense under the plain meaning of Section 1546(a)." *Id.* at 119. Similarly, the Fifth Circuit had held in *United States v. Osiemi*, 980 F.2d 344 (5th Cir. 1993), that because "a foreign passport is clearly, and typically, one document 'prescribed by statute or regulation for entry' into the United States[,] [t]he possession of a counterfeit or altered foreign passport . . . is an offense under

the plain language of § 1546(a)." *Id.* at 346. Both courts relied on 8 U.S.C. § 1181(a), a statutory predicate for the Section 1546(a) offense, which provides that "no immigrant shall be admitted into the United States unless . . . he . . . presents a valid unexpired passport or other suitable travel document." *See Rahman*, 189 F.3d at 118–19; *Osiemi*, 980 F.2d at 346. These courts also looked to federal regulations, similarly predicates for the Section 1546(a) offense, which require certain aliens to present a "valid unexpired visa . . . and an unexpired passport," 8 C.F.R. § 212.1, as well as "a valid passport with an expiration date of at least 60 days beyond the expiration date of the immigrant's visa," for entry into the United States, *Osiemi*, 980 F.2d at 346 (citing 8 C.F.R. § 211.2(a)); *see also Rahman*, 189 F.3d at 119. Because "the passports referred to in [8 U.S.C. § 1181(a) and 8 C.F.R. §§ 211.2(a), 212.1] are necessarily ones issued by foreign governments," *Rahman*, 189 F.3d at 119 (citing 22 C.F.R. §§ 51.2(a), 51.3(a)–(c), 51.80(a)), the Second and Fifth Circuits concluded that foreign-issued passports are prescribed by statute or regulation for entry into the United States within Section 1546(a)'s plain meaning. *Rahman*, 189 F.3d at 119; *Osiemi*, 980 F.2d at 346.

Still, Vyner maintains that he was denied effective assistance of counsel because a foreign passport is not a document "prescribed by statute or regulation" for entry into the United States. Emphasizing that "penal statutes are to be construed strictly," Appellant's Br. 8 (quoting *United States v. Campos-Serrano*, 404 U.S. 293, 297 (1971)), he points out that courts had held that Section 1546(a) does not apply to foreign passports because the statute refers only to entry documents issued by the United States. *See id.* at 9 (citing, for example, *United States v. Restrepo-Granda*, 575 F.2d 524 (5th Cir. 1978); *United States v. Vargas*, 380 F. Supp. 1162 (E.D.N.Y. 1974)). He further maintains that while Congress has since "amended § 1546(a) to include specific U.S.-issued documents – border

crossing cards and alien registration receipt cards – . . . [it] has never amended the statute to include foreign-issued documents, such as passports." *Id.* Both the Second and Fifth Circuits focused on amended Section 1546(a)'s broad incorporation of immigration documents, and concluded that these "pre-1986 cases . . . are not helpful to [defendant's] argument," *Osiemi*, 980 F.2d at 346, because "[r]egardless of whether a foreign passport was or was not a document *required* for entry into the United States before the 1986 amendment, the 1986 amendment expanded the [statute's] language," *id.* at 347 (emphasis in original); *see Rahman*, 189 F.3d at 119. Vyner does not explain why the Second and Fifth Circuits' treatment of these pre-1986 cases is flawed and proffers nothing to suggest these interpretations were being challenged by other defense counsel at the time of his plea, let alone being called into question by a court. Indeed, the lone post-1986 case Vyner cites, *United States v. Fox*, 766 F. Supp. 569, 572 (N.D. Tex. 1991), which ruled that a passport from a non-existent country was not a "document" covered by Section 1546(a), not only addressed a different interpretative question than that facing Vyner's trial counsel, but in *Osiemi*, 980 F.2d at 347–48, the Fifth Circuit overruled *Fox* "to the extent that it [was] inconsistent" with the conclusion that Section 1546(a) "proscribe[s] possession of a counterfeit passport . . . issued by a foreign government."

Last year, the Ninth Circuit held in *United States v. Thomsen*, 830 F.3d 1049 (9th Cir. 2016), that Section 1546(a) does not apply to United States passports. The court noted that, by contrast with Section 1543, which penalizes "[w]hoever falsely makes, forges, counterfeits, mutilates, or alters any passport or instrument purporting to be a passport," 18 U.S.C. § 1543, "the words 'passport' and 'passport card' are conspicuous by their absence from § 1546(a)," *Thomsen*, 830 at 1061. Indeed, the court observed that Section 1546(a) "is the only statute in the group of statutes [in Chapter 75] relating to

'passports and visas' that does not contain the word 'passport.'" *Id*. This omission confirmed the court's interpretation that Section 1546(a) does not cover U.S. passports. *Id.* at 1061–62. Vyner views *Thomsen* to support his position that Section 1543's explicit reference to the word "passport" and its corresponding absence from Section 1546(a) indicates that Section 1546(a) should be interpreted also to exclude passports issued by foreign governments. After all, when Congress "wants to penalize misuse of passports it knows how to do so." Reply Br. 2.

But Vyner's view that *Thomsen* supports his interpretation of Section 1546(a) is not well taken. First, the Ninth Circuit's opinion concerns U.S. passports, not foreign passports, and does not necessarily conflict with the interpretation of Section 1546(a) by the Second and Fifth Circuits. In *Thomsen*, 830 F.3d at 1061, the Ninth Circuit interpreted Section 1546(a) to apply only to "immigration-related documents" that an alien would use, and because U.S. passports are not issued to aliens but "to United States citizens for travel abroad and reentry," *id.* at 1059 n.5, they were not related to immigration and therefore not covered by the statute. In contrast, the Second and Fifth Circuits analyzed statutory and regulatory predicates for the Section 1546(a) offense that relate to foreign-issued passports, which unlike U.S. passports, are issued to and used by aliens. In *Thomsen*, the Ninth Circuit did not mention these provisions or *Rahman* or *Osiemi*, all of which are on point in Vyner's case.

Second, even assuming *Thomsen* conflicts with the other circuit court decisions would not show that Vyner's counsel rendered "deficient" assistance under *Strickland*. The Supreme Court applies the rule of contemporary assessment in evaluating claims of ineffective assistance of counsel. *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Strickland*, 466 U.S. at 690; *see also Maryland v. Kulbicki*, 136 S. Ct. 2, 4 (2015). Given the

state of the law at the time and the government's conditional agreement to dismiss Count 2, the decision of Vyner's counsel to leave the government's interpretation of Section 1546(a) unchallenged does not show that counsel's conduct was "deficient." Moreover, Vyner has proffered nothing to show that defense counsel at the time of his plea were commonly or successfully challenging the interpretation of Section 1546(a) by the Second and Fifth Circuits, a showing that could strengthen his position that counsel's conduct fell below "prevailing professional norms." *Strickland*, 466 U.S. at 688; *see Abney*, 812 F.3d at 1088–89; *United States v. Fields*, 565 F.3d 290, 298 (5th Cir. 2009). Lastly, Vyner's suggestion during a colloquy with the court that he should have been charged under Section 1543, not Section 1546(a), Oral Arg. Tr. 40:18–22, does not show that reasonably competent counsel could not have concluded his client's knowing possession of the altered foreign passport also violated Section 1546(a), which alone bans possession of an altered immigration document.

## B.

The statutory and regulatory predicates for the Section 1546(a) offense that identify foreign passports as documents used for entry into the United States require that the passports be "valid" and "unexpired." 8 U.S.C. § 1181(a); 8 C.F.R. §§ 211.2(a), 212.1. Vyner contends that because the altered passport in his possession had expired eleven months before his arrest, his conduct did not violate Section 1546(a). The government does not dispute that the "VALID UNTIL DEC 2015" stamp failed to extend the passport's expiration date for lack of the required signature of the Consular office and the Albanian seal. *See* Appellee's Br. 14; Ltr., Arian Spasse, Consular Offr., Emb. of Rep. of Alb., to Spec. Agt. Charles Cashion (Jan. 6, 2011). Vyner's alternative statutory contention nonetheless fails.

Even assuming an "altered" passport could, in its original form, be both "valid" and "unexpired," the same is not true of foreign passports that are "counterfeit, forged, or falsely made" under Section 1546(a) because they are by definition not "valid." Vyner's interpretation that a fraudulent foreign passport must also be "valid" and "unexpired" in order to be covered by Section 1546(a) would therefore not only make lawful the knowing possession of an altered and expired foreign passport but, by logical extension, also the knowing possession of a counterfeit foreign passport. *See* Appellee's Br. 13. Vyner offers no reason that Section 1546(a) must necessarily be interpreted, or even should be interpreted, to prohibit possession of an altered, unexpired foreign passport while allowing possession of a counterfeit foreign passport. His interpretation conflicts with the interpretation by the Second and Fifth Circuits that Section 1546(a) plainly "criminalize[s] the knowing possession of any counterfeit or altered [immigration] document[s]," which includes "[f]oreign passports." *Osiemi*, 980 F.2d at 348; *see also Rahman*, 189 F.3d at 119. It is also contrary to the presumption against construing a statute to render it ineffective in whole or in part. *See, e.g.*, *FTC v. Manager, Retail Credit Co., Miami Branch Office*, 515 F.2d 988, 994 (D.C. Cir. 1975); *see also Wilderness Soc'y v. Morton*, 479 F.2d 842, 855 (D.C. Cir. 1973). Although Vyner's interpretation may be plausible, on this record there is no persuasive reason to conclude that his counsel was constitutionally deficient for following the Second and Fifth Circuits' more expansive interpretation of Section 1546(a) and declining to interpret the statute in a way that would frustrate its embrace of the laws governing entry into the United States.

Finally, "[p]lea bargains are the result of complex negotiations, . . . [where] defense attorneys must make careful strategic choices in balancing opportunities and risks," *Premo v. Moore*, 562 U.S. 115, 124 (2011), including "pleading to a lesser

charge and obtaining a lesser sentence," *id.* This dynamic "make[s] strict adherence to the *Strickland* standard all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Id.* at 125. As a condition of Vyner's guilty plea to Count 1, the government agreed to dismiss Count 2, which carried a two-year mandatory prison sentence, 18 U.S.C. § 1028A(a)(1); the Guideline sentencing range for Count 1 was 8 to 14 months. Of course, counsel who successfully bargains for the dismissal of charges during plea negotiations is not immunized from being determined constitutionally deficient on other grounds. *Cf., e.g.*, *Gonzalez v. United States*, 722 F.3d 118, 119–124 (2d Cir. 2013); *United States v. Iberson*, 705 F. Supp. 2d 504, 507–09 (W.D. Va. 2010). Counsel's assistance to Vyner, however, was well within the bounds of the competence required of counsel in criminal cases in view of the sole and prevailing interpretation in the federal circuit courts of appeal, the plain text of Section 1546(a)'s statutory and regulatory predicates, and the absence of challenges to those interpretations at the time of Vyner's guilty plea.

Accordingly, we hold, based on the district court record, *see United States v. Rashad*, 331 F.3d 908, 910 (D.C. Cir. 2003), and without a need to consider the prejudice prong of the *Strickland* standard, that Vyner has failed to meet his burden under *Strickland* to show that no competent counsel could reasonably conclude that Vyner's undisputed conduct constituted a violation of Section 1546(a), much less reasonably advise Vyner to plead guilty to Count 1, and we affirm.